NOT FOR PUBLICATION
File Name: 06a0510n.06
Filed: July 20, 2006

NO. 05-2190

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA
 Plaintiff-Appellee,

v.

TIMOTHY L. SOTO,
 Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

_____/

BEFORE: SUHRHEINRICH and GRIFFIN, Circuit Judges, and SPIEGEL, District
    Judge.[*]

  **SUHRHEINRICH, J.,** Defendant-Appellant Timothy Soto appeals the judgment of the district court sentencing him to a term of imprisonment of twenty-four months for violating conditions of his supervised release, including a state conviction for receiving and concealing stolen property. For the reasons that follow, we **AFFIRM**.

**I.**

  On September 2, 2003, Soto pleaded guilty to assaulting, resisting, or impeding officers, in violation of 8 U.S.C. § 111(b), and to possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). The district court sentenced him to a term of imprisonment of twenty-four months–the very lowest end of the appropriate Sentencing Guidelines range–to be followed by three years of supervised release. The relatively short sentence reflected the court and Soto's mutual

_____

[*]The Honorable S. Arthur Spiegel, United States District Court Judge for the Southern District of Ohio, sitting by designation.

understanding that Soto would be subject to the district court's own "zero tolerance" policy after his release. Soto appealed the district court's denial of his motion to suppress evidence in that case. A different panel of this Court affirmed. *See United States v. Soto*, 124 F. App'x 956 (6th Cir. Mar. 7, 2005) (unpublished opinion).

Soto's supervised release commenced on September 10, 2004. Soto began violating the terms of his supervised release shortly thereafter. Specifically, he stopped reporting for drug testing and stopped physically reporting to the probation department in early December 2004; he quit his full-time job around January 1, 2005 and did not procure further employment; he failed to submit required written monthly reports for January and February 2005; and he failed to keep probation informed of his change of address. As a result, on March 23, 2005, Soto's probation officer sought a warrant for Soto's arrest, which the district court signed. On August 22, 2005, the probation officer supplemented the violations report to include Soto's intervening state court conviction for receiving and concealing stolen property.[1]

At sentencing, Soto requested a sentence within the recommended Guidelines range of 8-14 months that would run concurrently with his state sentence. In support, he cited his age (21) and his need for vocational training and drug treatment. The district court, noting its "zero tolerance" policy with Soto and finding "acute . . . violation[s] of almost everything [the court] talked to [Soto] about at the time of [his original] sentencing," adopted the recommendation of the government that Soto serve the statutory maximum of twenty-four months consecutive to his state sentence.

This timely appeal followed.

---

[1]The state of Michigan had charged Soto with receiving and concealing a stolen motor vehicle and with fleeing and eluding in the third degree. As part of a plea agreement, the state agreed to drop the charge of fleeing and eluding.

## II.

The sole issue on appeal is whether the district court erred in sentencing Soto to a term of imprisonment of twenty-four months for violating the terms of his supervised release.

A sentence imposed upon revocation of supervised release is reviewed for abuse of discretion. *United States v. Webb*, 30 F.3d 687, 688 (6th Cir. 1994). This Court will affirm provided the district court's decision reflects consideration of the relevant statutory factors and is not plainly unreasonable.[2] *United States v. McClellan*, 164 F.3d 308, 309 (6th Cir. 1999); *see also United States v. Washington*, 147 F.3d 490, 491 (6th Cir. 1998).

In imposing a term of imprisonment following revocation of supervised release, the district court is required to consider the relevant policy statements of the Sentencing Guidelines. *McClellan*, 164 F.3d at 310. In addition, the district court must also consider the relevant statutory factors found in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e). Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. §

---

[2]Other courts have concluded, in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), that the proper standard of review in supervised release revocation cases is "reasonableness." *See United States v. Tedford*, 405 F.3d 1159, 1161 (10th Cir. 2005); *United States v. Cotton*, 399 F.3d 913, 916 (8th Cir. 2005); *United States v. Fleming*, 397 F.3d 95, 99 (2d Cir. 2005); *see also United States v. Turner*, 133 F. App'x 711, 715 (11th Cir. June 7, 2005) (unpublished). In *United States v. Johnson*, 403 F.3d 813 (6th Cir. 2005), however, this Court in dicta questioned the Second Circuit's reasoning in *Fleming* and appeared to favor adherence to the pre-*Booker* "plainly unreasonable" standard of review. *See id.* at 816-17 ("[T]he Second Circuit's interpretation [of *Booker*] . . . fails to account for the fact that *Booker* left sections 3742(a), 3742(b), and 3742(f) on the books, and it fails to account for the fact that (at least as far as our Circuit is concerned) our cases have relied upon both sections 3742(a)(4) and 3742(e)(4) in applying a 'plainly unreasonable' standard."). But whether *Booker* compels a "reasonableness" standard rather than a "plainly unreasonable" standard need not be decided in this case. *See United States v. Kirby*, 418 F.3d 621, 625 n.3 (6th Cir. 2005) (declining to decide *Booker*'s effect on the proper standard of review); *Johnson*, 403 F.3d at 817 (same). Whatever the differences, we would affirm under either standard.

3553(a)(1), "the need . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," § 3553(a)(2)(A), "the need . . . to afford adequate deterrence to criminal conduct," § 3553(a)(2)(B), and "the need . . . to provide the defendant with needed . . . medical care . . . or other correctional treatment in the most effective manner," § 3553(a)(2)(D). However, the "'court need not engage in ritualistic incantation in order to establish consideration.'" *Washington*, 147 F.3d at 491 (quoting *United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995)). Instead, "[t]he statute's mandate is . . . satisfied if . . . the district court's explanation of the sentence makes it clear that it considered the required factors." *Id.*

Here, the district court considered the relevant sentencing factors. There is no question that the court considered the recommended range in the Sentencing Guidelines. At sentencing, counsel for Soto argued at length for a sentence within the Guidelines range. More importantly, the district court, in imposing sentence, stated its "belie[f] that the guidelines . . . aren't appropriate in this particular matter."

As for the consideration of the nature and circumstances of the offense; the history and characteristics of the defendant; the need to deter criminal conduct; and the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment, the district court said the following:

> In this matter the Court recalls this case. I don't recall very many, but I remember this case, not every detail of the case, but wanted [sic] to give you a break and I gave you a break at the low end of the guidelines. And we talked about that, and I talked about zero tolerance and I remember specifically talking about zero tolerance, saying once you get out you'd better conduct yourself in the manner that you're supposed to and you didn't. It's just that easy. Not only did you didn't [sic], but it wasn't just a minor kind of thing. You picked up another criminal activity. You didn't report. You didn't do anything particularly that you're supposed to be doing. And you're still young, and you do have a child on the way, and life is pressure. . . . You have to learn to adjust to that pressure, and part of adjusting to that pressure is to get some

-4-

help. You need some help, and I'm going to try to get you some help if I can.

  The Court believes that because of the fact that the defendant was placed on zero tolerance and that the violation was very acute, not just some technical violation, but a violation of almost everything I talked to him about at the time of sentencing. . . . The Court believes that the maximum sentence is appropriate in this matter.

  . . . And I understand being in the County Jail is not an easy thing, but that will give you eleven months to really have the space to think about it. And then you'll have two years in the federal system to get you to think about it . . . .

Soto also argues that the district court did not adequately account for his need for drug treatment. We disagree. At the close of the sentencing hearing, the district court denied Soto's request to be placed at the federal prison in Milan, which has a substance abuse program, because the court wanted Soto to take the initiative himself to prove that he is sincere about getting help. Moreover, the sentence Soto argues the district court should have imposed would have actually made it nearly impossible for him to receive treatment. At sentencing, defense counsel stated that Soto was unable to receive treatment during his original term of imprisonment because he was scheduled to be in prison for only one year.[3] Since the waiting list for the drug treatment program was longer than one year, Soto was released before he could take advantage of it. Had the district court adopted Soto's recommendation of 8-14 months, served concurrently with his eleven-month state term of imprisonment, however, Soto would have had, at most, three months in federal prison. If one year was not long enough for Soto to receive treatment, three months certainly would not have been long enough.

Having determined that the district court properly considered the Sentencing Guidelines and the relevant statutory factors, we must now determine whether the sentence imposed was plainly

---

[3]Soto's original sentence was twenty-four months, but he was given credit for the one year he spent in jail awaiting trial and sentencing.

unreasonable. The district court granted Soto leniency in his original sentence. Soto responded by violating five different terms of his supervised release. The violations included the commission of another crime, in which Soto fled and eluded police who were trying to arrest him for receiving and concealing a stolen car. In light of that incident, the district court was unconvinced that Soto had been rehabilitated. Accordingly, the district court sentenced him to the maximum term of imprisonment, which, according to the district court, gives Soto an opportunity to think about what he wants to do with his life and to think seriously about seeking treatment. Based on this record, we cannot say that a sentence that exceeded the advisory Guidelines range by ten months was unreasonable or plainly unreasonable. *Cf. Kirby*, 418 F.3d at 628 (affirming a sentence eleven months above the advisory Guidelines range based on multiple violations of the defendant's supervised release and her "repeated [criminal] transgressions"); *Johnson*, 403 F.3d at 814, 817 (affirming a sentence eight months above the advisory Guidelines range where the defendant "violated several terms of his supervised release, forged documents to cover his violations, and lied to his probation officer").

Because the district court considered the relevant statutory factors and the sentence was neither unreasonable nor plainly unreasonable, we must affirm. *See McClellan*, 164 F.3d at 309; *Washington*, 147 F.3d at 491.

### III.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.