**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 06a0873n.06**
**Filed: December 4, 2006**

**No. 06-1619**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| RODNEY MORROW, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Appellant. | ) | |

Before:  CLAY, ROGERS and SUTTON, Circuit Judges.

SUTTON, Circuit Judge.  Rodney Morrow appeals his sentence for violating the conditions of his supervised release.  We affirm.

I.

In 2000, Morrow pleaded guilty to distributing more than 5 grams of cocaine base.  *See* 21 U.S.C. § 841(a)(1).  Although Morrow's guidelines sentencing range was 78 to 97 months, the district court sentenced him to 36 months' imprisonment based on a 42-month downward departure for substantial assistance to authorities, followed by 4 years of supervised release.  *See* U.S.S.G. § 5K1.1.  In 2004, the government released Morrow from prison, and he began to serve his

supervised-release term, which among other things required him to participate in a mandatory substance-abuse program.

In April 2005, Morrow pleaded guilty to violating the terms of his supervised release in the following ways: (1) failing to report to the probation department, (2) failing to notify the department of a change of address, (3) testing positive six times for marijuana and once for cocaine and (4) missing substance-abuse counseling sessions. In response, the district court allowed Morrow to continue the four-year supervised-release term but ordered that he be placed in a community corrections center for 90 days and that he re-enroll in a substance-abuse program.

Six months later, Morrow returned to the district court for a second revocation hearing, this time pleading guilty to violating his supervised-release conditions by failing to return to the community corrections center after work. The court sentenced him to 5 months' imprisonment followed by a new 24-month term of supervised release, which again included a mandatory substance-abuse program and a stay at a community corrections center.

In May 2006, Morrow returned to court for a third revocation hearing, yet again admitting to violating his supervised-release conditions. He pleaded guilty to two violations: (1) leaving the community corrections center without staff approval and (2) testing positive for marijuana and admitting to using cocaine. Although the guidelines provide an advisory range of 4 to 10 months for these violations, *see* U.S.S.G. § 7B1.4, the court sentenced Morrow to 12 months.

II.

On appeal, Morrow contends that his sentence is unreasonable. When a district court revokes a defendant's supervised release, we consider the procedural propriety of the resulting sentence (did the district court consider "the relevant statutory factors" and policy statements in imposing the sentence?) and the substantive propriety of the sentence (was it "plainly unreasonable"?). *See United States v. Carr*, 421 F.3d 425, 429 (6th Cir. 2005). Since *United States v. Booker*, 543 U.S. 220 (2005), we have asked ourselves, though we have yet to decide, whether a "plainly unreasonable" standard, or an "unreasonable" standard, applies to sentences imposed after a district court revokes a defendant's supervised release. *See, e.g.*, *United States v. Kirby*, 418 F.3d 621, 625 n.3 (6th Cir. 2005); *United States v. Johnson*, 403 F.3d 813, 817 (6th Cir. 2005). We similarly need not decide the question, because Morrow's sentence survives under either standard of review.

A.

The district court satisfied the procedural requirements for imposing this 12-month sentence. When revoking a defendant's supervised release and imposing a prison term, the guidelines advise district courts to consider all but two of the factors listed in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e) (listing all of the § 3553(a) factors except for "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A), and "the kinds of sentences available," 18 U.S.C. § 3553(a)(3)). Although "the policy statements contained in Chapter Seven of the Sentencing

Guidelines are merely advisory," district courts also "must consider them prior to imposing [a] sentence for revocation of supervised release." *Kirby*, 421 F.3d at 431 (internal quotation marks omitted).

In sentencing Morrow, the district court evaluated the relevant statutory factors and policy statement. The court addressed "the nature and circumstances of the offense." 18 U.S.C. § 3553(a)(1); *see, e.g.*, JA 50 ("This is your third violation hearing from the beginning of the case . . . . You have been given a lot of chances."); JA 53 (noting that walking away from the community corrections center "is a very serious violation"). It discussed "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1); *see, e.g.*, JA 53 ("[W]hat I heard from you today reflects a couple of things, one is the inability to understand what should be the priorities in your life . . . . If you do not develop a commitment to staying sober . . . you will be back again. It is inevitable, here or dead."). And it contemplated "the need for the sentence imposed . . . to provide the defendant with needed . . . medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D); *see, e.g.*, JA 51 ("The point of this sentence today . . . is in part to give whatever assistance can be given to enable you to lick the addiction . . . ."). Although the district court did not evaluate the § 3553(a) factors one by one, we do not demand a "ritualistic incantation" before we will affirm a sentence. *See United States v. Washington*, 147 F.3d 490, 491 (6th Cir. 1998); *see also Kirby*, 418 F.3d at 626 (noting that a district court "need not recite [all of the § 3553(a)] factors but must articulate its reasoning in deciding to impose a sentence in order to allow for reasonable appellate review").

Before imposing this sentence, the district court also adequately considered the applicable guidelines policy statement, *see* U.S.S.G. § 7B1.4, and determined that the statement's proposed sentencing range did not make sense in this case. *See* JA 42 (explaining to defendant that "the policy range that the Court is directed to consider in deciding on a sentence [is] between four and ten months"); JA 51 ("I got a range to consider, and I have some experience with substance abuse that suggests that at least a slightly longer period may be necessary . . . .").

B.

The sentence also satisfies our substantive-review requirements as it is neither unreasonable nor plainly unreasonable. Before imposing this sentence, the district court had twice given Morrow "a break": at the first revocation hearing by allowing him, despite multiple violations, to continue with supervised release, and at the second hearing by imposing a short prison term. That the third revocation hearing prompted the district court to impose a modest variance—just two months over the top of the advisory guidelines range—is patently reasonable. *See, e.g.*, *Kirby*, 418 F.3d at 628 (finding that an 11-month upward departure for a defendant who had violated her supervised-release conditions on three separate occasions "was more than justified by [defendant's] repeated transgressions"). Nor did the district court lack a legitimate reason for imposing this "slightly longer" sentence; the court found that the sentence was necessary to help Morrow combat his drug problem.

Morrow nonetheless maintains that his sentence was unreasonable because it exceeded the 4 to 10 month guidelines range. This argument not only ignores the advisory nature of the guidelines range but also overlooks what the guidelines say about upward departures or variances for supervised-release violations following downward departures at the original sentencing. The application notes to § 7B1.4 provide that "[w]here the original sentence was the result of a downward departure (e.g., as a reward for substantial assistance), . . . an upward departure may be warranted." U.S.S.G. § 7B1.4 app. 4. When the district court originally sentenced Morrow, it granted him a 42-month downward departure based on this precise circumstance—a reward for substantial assistance. In this context, the district court had ample discretion to sentence Morrow to a prison term 2 months above the guidelines range.

Morrow next contends that his sentence was unreasonable because the district court (1) failed to consider a relevant § 3553(a) factor—the need for a drug treatment program—and (2) erroneously considered an impermissible factor—"the need for the sentence imposed . . . to provide just punishment." 18 U.S.C. § 3553(a)(2)(A); *see* 18 U.S.C. § 3583(e) (excluding 18 U.S.C. § 3553(a)(2)(A) from the sentencing analysis for supervised-release violations). Neither contention has merit.

The district court did consider whether to place Morrow in drug treatment, concluding that it could not "continue to invest the resources of the United States Probation [Office] and the court system in trying to provide the support and assistance to remedy the substance abuse problem that [Morrow has]." JA 50. The court gave Morrow more than ample opportunity to participate in drug

treatment programs, three times making substance-abuse counseling an express condition of his supervised release. Confronted by Morrow's inability to commit to these programs, the district court reasonably concluded that drug treatment was not the answer and that Morrow's motivation to stay sober instead had to come "from within" and "with support from [his] girlfriend and [his] family." JA 51; *cf. United States v. Soto*, 189 F. App'x 470, 472 (6th Cir. July 20, 2006) (rejecting defendant's argument that the district court did not "adequately" address the "need for drug treatment," finding that "the court wanted [defendant] to take the initiative himself to prove that he [was] sincere about getting help"). The district court properly considered the option of drug treatment and did not abuse its discretion in rejecting that option.

Neither did the district court improperly consider "just punishment" in sentencing Morrow. While it is true that the court initially stated that "[t]he point of this sentence today is not necessarily to be punitive," JA 51, moments later it clarified that it was "not going to order a sentence in the interest of being punitive," JA 52–53. This clarification, coupled with the fact that the court explained it imposed the sentence "in part to give whatever assistance can be given to enable [Morrow] to lick the addiction," JA 51, indicates that Morrow's sentence reflected appropriate rehabilitative considerations, not punitive ones.

III.

For these reasons, we affirm.