**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0055n.06
Filed: January 23, 2007

No. 06-1492

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| **TAMAR DESHAWN WILLIAMS**, | ) | **M E M O R A N D U M** |
| | ) | **O P I N I O N** |
| Defendant-Appellant. | ) | |

**BEFORE:    SUHRHEINRICH, SUTTON and McKEAGUE, Circuit Judges.**

**PER CURIAM.**  This is an appeal from a judgment of sentence revoking defendant's supervised release and sentencing him to an additional prison term of 36 months.  Defendant contends the sentence, almost three times longer than the upper end of the advisory guidelines range, is procedurally and substantively unreasonable.  For the reasons that follow, we affirm the judgment.

**I**

On November 17, 1999, defendant-appellant Tamar Deshawn Williams, having pleaded guilty to possession of cocaine base with intent to distribute, was sentenced in the Middle District of Florida to a prison term of 63 months, followed by four years of supervised release.  Following his release from prison, jurisdiction over defendant during supervised release was transferred to the Eastern District of Michigan on January 24, 2005.  In April 2005, defendant's supervising probation

officer charged him with violating the conditions of supervised release and petitioned the district court for issuance of an arrest warrant. The petition averred that defendant had been arrested by the Detroit Police Department on February 8, 2005 and charged with kidnaping and assault and battery, and that defendant had not timely notified his probation officer of the arrest. The state court complaint on the kidnaping and assault charges had been dismissed without prejudice on February 22, 2005, when the complaining witness failed to appear. Defendant did not report the arrest to his probation officer until March 21, 2005, and then falsely explained that the charges had been dismissed due to "mistaken identity."

Specifically, defendant was charged with five violations of the conditions of his supervised release: (1) commission of another crime, *i.e.*, kidnaping and assault and battery; (2) submission of an untruthful written report to the probation officer; (3) failure to truthfully answer an inquiry by the probation officer; (4) failure to maintain employment; and (5) failure to notify the probation officer within 72 hours of being arrested. Defendant was arrested and a contested hearing on the charged violations was conducted on May 24, 2005.

The district court received testimony from two probation officers and two police officers. As to violations two through five, defendant essentially conceded that technical violations had been made out, but he argued for leniency. As to violation one, two police officers testified regarding the fruits of their investigation at the scene of the alleged kidnaping and assault and battery. They testified to their personal observations as well as to statements received by them from witnesses at the scene. Their testimony tended to establish that defendant Williams had taken a woman, Christal Sugg, by the neck and forced her into a vehicle and transported her against her will to his residence.

In fact, the officers found Ms. Sugg at defendant's residence in a traumatized state: "frightened. . . . highly distraught, physically shaking." Sgt. Jason Sloan, Hearing Tr. p. 46, JA 86. The officers' testimony was based partly on hearsay, admitted over defendant's objection, because, as the district court observed, the rules of evidence are "somewhat relaxed' in supervised release revocation proceedings. Defendant's counsel cross-examined the police officer witnesses, but defendant offered no evidence in defense of the violation one charge.

At the conclusion of the hearing, the district court declined, for the sake of efficiency, to make a ruling on the violation one charge. The court found that the other four violations were clearly established by a preponderance of the evidence and, in themselves, warranted revocation of supervised release. As it proceeded to sentence defendant, the court noted, however, that it had heard the testimony relating to violation one and deemed it "important as it relates to his answer mistaken identity and so forth." Sentencing Tr. p. 68, JA 108. Defendant declined to make allocution, citing Fifth Amendment concerns. The district court then rejected defendant's request to treat his violations as Grade C violations under U.S.S.G. § 7B1.4, and proceeded to sentence him as though he had committed a Grade A violation. The court found the advisory guidelines range did not adequately account for defendant's "horrible record." Concluding that violations two through five were "indicative of his total disregard for the rules of this Court, the rules of society," the court imposed a sentence of 36 months in prison. *Id.* at 70, JA 110.

In defendant's initial appeal to this court, the parties jointly moved to vacate the sentence because the district court had erroneously treated the supervised release violations as including a Grade A violation. On December 19, 2005, a panel of this court granted the motion, vacated the

original sentence and remanded for resentencing. *United States v. Williams*, No. 05-1862. The resentencing occurred on February 15, 2006. The district court treated defendant's violations as Grade C violations and determined that an advisory guidelines range of 7 to 13 months applied. Still, the court imposed the same 36-month sentence. The court explained its reasoning as follows:

> I think this matter goes way outside the heartland of America based upon his record and I think he's a danger to society. I think that based upon his prior record, his actions throughout the years have been very assaultive, very aggressive, very – he's a menace to society and to people specifically.

Resentencing Tr. p. 7, JA 118. In evaluating the sentencing factors under 18 U.S.C. § 3553(a), the court cited the importance of punishment, deterrence, rehabilitation, and protection of the public. *Id*. at 7-8, JA 118-19.

On appeal, defendant contends the district court erroneously relied on evidence of the assault and kidnaping despite having stopped short of finding such conduct proven by a preponderance of the evidence. Defendant contends the sentence is unreasonable because the district court either failed to consider all the relevant sentencing factors or improperly exaggerated the significance of one factor.

## II

The revocation of supervised release and sentence of imprisonment will ordinarily be affirmed if the district court considered the relevant statutory factors and the sentence is not "plainly unreasonable." *United States v. Kirby*, 418 F.3d 621, 625-26 (6th Cir. 2005). In the wake of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), there is some question whether we should evaluate the sentence only in terms of whether it is "unreasonable," rather than

"plainly unreasonable." The question has not been resolved in the Sixth Circuit. *See Kirby*, 418 F.3d at 625, n.3; *United States v. Morrow*, 2006 WL 3488769 (6th Cir. Dec. 4, 2006) (unpublished); *United States v. Reid*, 2006 WL 3314556 (6th Cir. Nov. 15, 2006) (unpublished). Yet, we need not resolve the question in this case either. For even if defendant's burden is deemed to be the lighter of the two, *i.e.*, to show that the sentence is simply unreasonable, as opposed to *plainly* unreasonable, it is clear that the burden has not been met.

Under this lighter standard, the district court's sentence must be vacated if it is found to be either procedurally or substantively unreasonable. *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006). A sentence may be held *procedurally* unreasonable if the district court (1) did not appreciate the non-mandatory nature of the guidelines, (2) did not correctly calculate the sentencing range under the guidelines, or (3) did not consider the 18 U.S.C. § 3553(a) factors. *United States v. Davis*, 458 F.3d 491, 495 (6th Cir. 2006). Here, defendant nominally relies on the third ground, yet the record makes it clear that the district court adequately considered the § 3553 factors, expressly referring to defendant's criminal history, as well as the need for punishment, deterrence, rehabilitation and protection of society. The gravamen of defendant's challenge goes to substantive reasonableness.

Defendant contends the sentence is substantively unreasonable because the district court erred by relying on evidence of a crime he was not found to have committed and by placing too much weight on this consideration. But for the district court's improper consideration of the kidnaping evidence, defendant insists there is no plausible justification for the dramatic upward variance from the advisory guidelines range.

We agree that there is nothing inherent in defendant's failure to maintain employment and failure to timely and truthfully report the fact that he was arrested that would reasonably justify a prison sentence of 36 months. Yet, though the district judge declined to find defendant responsible for having committed the charged felony offenses, he was not required to close his eyes to evidence of the reasons for which defendant failed to timely and truthfully report his arrest. Defendant had indisputably been arrested for serious felony offenses, kidnaping and assault and battery. The evidence presented in the supervised release revocation hearing, though inclusive of hearsay, strongly suggested that defendant had committed the offenses. The evidence was unrefuted. The evidence helped explain why defendant had been less than forthcoming with his probation officer and was appropriately deemed probative of defendant's culpability.

Hence, as the district court observed in the initial sentencing, although defendant was not sentenced for having committed kidnaping and assault and battery, the evidence of his involvement in such offenses was nonetheless "certainly important" in considering the § 3553(a) factors. It was also reasonable and appropriate for the district court to view this evidence as significant in light of defendant's prior convictions for crimes of violence, including three separate batteries in 1998. The evidence of defendant's continuing involvement, shortly after his release from federal prison, in assaultive behavior similar to several batteries he committed shortly before the federal imprisonment, could hardly be ignored. The district court was obviously, and not unreasonably, alarmed that a 63-month term of imprisonment appeared not to have resulted in any change in defendant's violent manner of dealing with other persons. Due to this intractability, the district court, on resentencing, expressly viewed defendant as a "menace to society," from whom the public needed continuing

protection.   These considerations were reasonably viewed as taking defendant "way outside the heartland" of cases represented by the advisory guidelines range applicable to the violations defendant was formally found to have committed.

Defendant objects, contending the alleged kidnaping and assault and battery were never proven—either in the state court or in the district court.  It appears the district court refrained from finding defendant responsible for violation one only because the evidence presented included hearsay.  In order to obviate the need to hear arguments and make rulings on the extent to which the hearsay was reliable and admissible, the district court side-stepped violation number one.

There was no need to do so.  It is well-settled that hearsay may be considered in a supervised release revocation hearing if it is shown to be reliable.  *Kirby*, 418 F.3d at 626-27; *United States v. Donald*, 106 F. App'x 429, 432, 2004 WL 1826648, at *3 (6th Cir.) (unpublished).  Here, the hearsay evidence presented to the district court had greater indicia of reliability than that found to be properly considered in *Kirby*.  We are satisfied the evidence was appropriately considered in determining defendant's sentence.

Further, it is also well-settled that relevant unconvicted conduct, even acquitted conduct, may be considered in determining a defendant's sentence.  *See United States v. Milton*, 27 F.3d 203, 208-09 (6th Cir. 1994) ("This circuit clearly allows district courts to consider acquitted conduct at sentencing."); *United States v. Harris*, 149 F.3d 1185, 1998 WL 344052, at *2 (6th Cir.) (unpublished) (same).  The unrefuted evidence of defendant's involvement in the alleged kidnaping and assault and battery of Christal Sugg was certainly relevant to the motivation underlying several

of defendant's uncontested violations of the conditions of his supervised release. It was also relevant to the district court's required consideration of all the § 3553(a) sentencing factors.

Having carefully reviewed the transcripts of the supervised release revocation hearing and both sentencing hearings, we remain unpersuaded that the sentence imposed by the district court is substantively unreasonable. The district court did not base the sentence on any impermissible factor. Nor has defendant demonstrated that the district court placed unreasonable weight on any one sentencing factor. The district court's upward variance from the advisory guidelines range is substantial. Yet, in light of defendant's evident continuing propensity for violence, the variance is premised on compelling reasons. The district court's explanation of its reasoning, though succinct, demonstrates appropriate consideration of defendant's history and characteristics, the need for just punishment, the need for deterrence, the need to protect the public, and the need to provide defendant with correctional treatment. *See* 18 U.S.C. § 3553(a).

### III

Accordingly, finding no error, we **AFFIRM** the judgment of the district court.