**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James MALKUS, Defendant–Appellant.**

**United States of America,
Plaintiff–Appellee,**

v.

**Patrick R. Frega, Defendant–Appellant.**

United States of America,
Plaintiff–Appellee,

v.

G. Dennis Adams, Defendant–Appellant.

Nos. 00–50340, 00–50342, 00–50345.
D.C. No. CR–98–00698–ER.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 11, 2001.

Decided May 31, 2001.

Before MCKEOWN and FISHER, Circuit Judges, and HAGEN,* District Judge.

MEMORANDUM **

James Malkus, Patrick Frega and Dennis Adams were convicted by a jury of mail

---

* The Honorable David Warner Hagen, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

fraud and racketeering in San Diego Superior Court. The three men previously appealed their convictions and sentences, and this Court issued an opinion affirming their convictions in part, reversing in part and remanding for resentencing. *United States v. Frega,* 179 F.3d 793 (9th Cir. 1999). They now appeal their sentences again, claiming that the district court committed a variety of errors at their resentencing. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

### 1. United States v. Malkus

Malkus contends that the district court erred when it declined to address his "motion for reconsideration of his earlier motion to vacate" at the resentencing hearing, arguing that his mail fraud conviction was the result of flawed jury instructions. This very issue was raised by Malkus and decided by this Court in the earlier consolidated appeal.

■ The law of the case doctrine generally precludes a district court from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case. *United States v. Hughes Aircraft Co.* 243 F.3d 1181 (9th Cir.2001). Although certain exceptions to the doctrine apply, *United States v. Scrivner,* 189 F.3d 825, 827 (9th Cir.1999), Malkus has not asserted any here.

■ Malkus also contends that the court erroneously denied him a downward departures based on aberrant behavior and for post-conviction rehabilitation under *United States v. Green,* 152 F.3d 1202 (9th Cir.1998). The record indicates that the district court explicitly considered Malkus' request to downwardly depart in light of *Green,* but nonetheless exercised its discretion not to depart on that basis. And, although the district court did not specifically address Malkus' request for consideration of departure based on aberrant be-

havior, under such circumstances, "we will assume that the district court knows and applies the law correctly, realizes that it does have the authority to depart, but concludes that it would be inappropriate to do so...." *United States v. Garcia–Garcia,* 927 F.2d 489, 491 (9th Cir.1991). We do not have the authority to review the district court's discretionary decision not to depart from the sentencing guidelines. *United States v. Tucker,* 133 F.3d 1208, 1214 (9th Cir.1998). We affirm Malkus' sentence.

### 2. United States v. Frega

■ Like Malkus, Frega claims that the district court erroneously denied him a downward departure from the sentencing guidelines range. Specifically, Frega contends that the district court erred when it denied his motion for a downward departure based on prosecutorial misconduct despite the fact that he had a pending 28 U.S.C. § 2255 motion asserting the same issue. Frega argues that the district court was required to rule on the § 2255 motion before resentencing him. Frega, however, offers no authority in support of his position, and we decline to create such a requirement. Accordingly, the district court properly proceeded to resentence Frega while simultaneously allowing him to continue to pursue his § 2255 motion. We therefore affirm his sentence.

### 3. United States v. Adams

Adams asserts two sentencing errors on appeal. First, he contends that the district court misapplied the sentencing guidelines because it erroneously believed "acceptance of responsibility" constituted grounds for a *departure* from the guidelines rather than an *adjustment. See* U.S. Sentencing Guidelines Manual § 3E1.1 (1998). Although Adams correctly notes that the district court erroneously referred

to acceptance of responsibility as grounds for "departure," a review of the entire record establishes that this characterization was merely a slip of the tongue. The district court was aware of the requirements of § 3E1.1 and properly denied Adams an adjustment under this section after making a factual determination that he had not accepted responsibility.

■ Second, Adams argues that the district court erred by applying U.S.S.G. § 2C1.7 instead of U.S.S.G. § 2F1.1 in determining his offense level. A sentencing court must determine which sentencing guideline to apply "based upon the nature of the offense conduct charged in the count of which the defendant was convicted." U.S.S.G. § 1B1.2, cmt. n. 1. Adams was convicted of mail fraud under 18 U.S.C. §§ 1341 and 1346. Section 1346 pertains to fraud involving deprivation of another's intangible right to honest services. Guideline § 2C1.7 applies to frauds involving "deprivation of another's intangible right to honest services." Thus, Adams' offense conduct corresponds to § 2C1.7 and the district court properly applied that guideline section in determining Adams' sentence. We affirm his sentence.

### Conclusion

After reviewing the record, we conclude that the district court properly resentenced James Malkus, Patrick Frega and Dennis Adams upon remand from their prior appeal to this Court. Accordingly, we affirm their sentences.

AFFIRMED.