*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 07a0415p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 06-5681

RONALD RUSSELL SMITH,

*Defendant-Appellant.*

>

---

Appeal from the United States District Court
for the Eastern District of Tennessee of Chattanooga.
No. 05-00047—R. Allan Edgar, District Judge.

Argued: August 21, 2007

Decided and Filed: October 11, 2007

Before: COLE and GRIFFIN, Circuit Judges; WATSON, District Judge.[*]

---

### COUNSEL

**ARGUED:** Robert D. Philyaw, LAW OFFICE OF ROBERT D. PHILYAW, Signal Mountain, Tennessee, for Appellant. Christopher D. Poole, ASSISTANT UNITED STATES ATTORNEY, Chattanooga, Tennessee, for Appellee. **ON BRIEF:** Robert D. Philyaw, LAW OFFICE OF ROBERT D. PHILYAW, Signal Mountain, Tennessee, for Appellant. Christopher D. Poole, ASSISTANT UNITED STATES ATTORNEY, Chattanooga, Tennessee, for Appellee.

GRIFFIN, J., delivered the opinion of the court, in which WATSON, D. J., joined. COLE, J. (pp. 9-12), delivered a separate dissenting opinion.

---

### OPINION

---

GRIFFIN, Circuit Judge. Defendant Ronald Russell Smith pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a). After noting that Smith committed the robbery while on supervised release for two other federal felonies, had 22 prior state convictions, and continued to commit crimes while in custody, the district court sentenced him to a term of 132

---

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

1

months of incarceration.  The district court considered the advisory Sentencing Guideline range of 46 to 57 months, but concluded that a 132-month sentence was warranted because of defendant's extraordinary criminal history and exceptional danger to public safety.  Defendant now appeals his sentence as being unreasonable.  For the reasons set forth below, we affirm Smith's sentence.  In doing so, we hold that defendant's above-the-Guidelines sentence is both procedurally and substantively reasonable, and thus the district court did not abuse its sentencing discretion.

I.

The facts leading up to defendant's guilty plea for bank robbery are undisputed.  On January 12, 2005, defendant entered a branch of Suntrust Bank in Cleveland, Tennessee and gave the teller a note that read, "Give me all your 100s, 50s, and 20s."  Defendant was unarmed, not wearing a disguise, and did not make an express threat.  The teller complied with the request, gave defendant all the cash from her drawer, and defendant left with $5,132.  Surveillance photographs were distributed to the news media, and a U.S. probation officer recognized defendant as one of his supervised releasees.  The probation officer reported defendant's identity to the FBI and warrants were issued for his arrest.

Defendant fled the state but was apprehended three days later in Arkansas after he crashed a stolen car into a ditch while fleeing from an Arkansas police officer.  After being advised of his rights, defendant admitted to stealing the car, robbing the bank, and stealing the license tag found on the car.  A small amount of marijuana was also found in the car.  Defendant pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a).  There was no plea agreement.

The district court held a sentencing hearing on May 2, 2006, during which defendant argued for leniency.  He claimed, through his attorney, that he had reached a turning point in his life, and his undisguised and unarmed bank robbery was a cry for help.  In response, the United States noted that defendant has committed other crimes while in custody and argued that "I don't think he needs to be getting out of custody at all."  The United States asked for a sentence "towards the statutory maximum."[1]  In response, the Honorable R. Allen Edgar stated:

> Well, the Court has considered this, and the Court has decided that, has considered the guidelines, but this sentence will be outside of the guideline range under the authority of and flexibility granted to this Court and other trial courts pursuant to the *Booker* case from the United States Supreme Court.

> This defendant has three prior federal convictions, which I think is a record for me here. And I've been doing this 21 years. He has 22 prior state convictions that are in the PSR, and probably many more or several more that he's already indicated here. And as [the United States] points out, many of these are not counted in the sentencing guidelines. So, the criminal history score specified by the guidelines of IV does not really and truly represent the defendant's criminal behavior.

> The defendant has no stable personal history. He's 58 years old. And best I can tell from the presentence report, he's never been employed. He does have a long-standing substance abuse problem that won't go away. He continues to commit crimes without let-up, both in and out of custody. And he is a threat to public safety and the public needs protection from Mr. Smith unfortunately. And it does appear that the defendant is just one of those people who needs to be incarcerated. I mean, he, frankly, is just not capable of functioning on the outside.

---

[1]The statutory maximum term of incarceration for bank robbery is twenty years. 18 U.S.C. § 2113(a).

So, pursuant to the Sentencing Reform Act of 1984, it's the judgment of this Court on Count 1 that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 132 months.

The district court also ordered defendant to pay $5,132 in restitution, a $100 special assessment, and serve three years of supervised release. Immediately after pronouncing the sentence, the district court held a hearing regarding revocation of defendant's supervised release.

At the revocation hearing, defendant was accused of violating the terms of his supervised release by committing the bank robbery, leaving the judicial district without permission from his probation officer, and illegally possessing a controlled substance. Through his attorney, defendant admitted that "there is no question that he violated the conditions of his supervised release." Nevertheless, he asked for less than the two-year statutory maximum on each of the two violations of his supervised release, and asked that they be served concurrently, but consecutive to the sentence for bank robbery. The court instead sentenced defendant to 24 months on each of the two counts, each to be served consecutively. The 132-month sentence, combined with the two consecutive 24-month sentences, result in a total sentence of 180 months (15 years).

Defendant urges the court to vacate or reduce his sentence and remand for resentencing, claiming that his sentence is "wholly unreasonable under the circumstances of this case."[2] We have held that a reasonableness review, in the sentencing context, involves both procedural and substantive components. *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2006). Defendant challenges both the procedural and substantive reasonableness of his sentence.

II.

When reviewing a sentence for reasonableness, an appellate court must consider more than merely the length of the sentence. *Webb*, 403 F.3d at 383; *see also United States v. Booker,* 543 U.S. 220, 245-46 (2005). In order for a sentence to be affirmed as procedurally reasonable, the reviewing court must ensure that the sentencing judge weighed the appropriate considerations in determining the sentence. Specifically, the sentencing judge must have appreciated the advisory nature of the Guidelines, properly calculated the Guidelines range, and considered the factors listed in 18 U.S.C. § 3553(a). *United States v. Davis*, 458 F.3d 491, 495 (6th Cir. 2006).

Defendant argues that the sentence is procedurally unreasonable for two reasons: (1) the district court rejected his argument that his sentence should be in the low range as determined by the Guidelines without providing an adequate explanation, and (2) the district court did not discuss the § 3553(a) factors, but simply declared that the sentence would be outside of the Guidelines range.

Defendant objects to the district court's explanation of the sentence, stating in his brief that "Defendant argued that his sentence should be at the low end of the Guideline range, but the record is somewhat vague as to the judge's reasons for rejecting that argument and sentencing the Defendant to a sentence two times that of the range." Defendant then cites our decision in *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006), for the proposition that the district court must consider a defendant's argument regarding sentencing and explain its reasons for rejecting it.

---

[2] Throughout his brief, defendant repeatedly asks us to "remand this case for re-sentencing in light of *United States v. Booker*, 125 S. Ct. 738 (2005)." The United States Supreme Court issued its opinion in *Booker* prior to the sentencing hearing – the district judge relied on it by name during the hearing. Presumably, by asking us to remand in light of *Booker*, defendant is claiming that the sentence is unreasonable, as opposed to claiming that the district court somehow thought that the sentencing guidelines were mandatory, as they were prior to *Booker*.

In *Richardson*, we stated that when "a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it. This assures not only that the defendant can understand the basis for the particular sentence but also that the reviewing court can intelligently determine whether the specific sentence is indeed reasonable." *Richardson*, 437 F.3d at 554. The record shows that the district court did consider defendant's argument that he had reached a turning point in life. After defendant's attorney suggested that defendant had reached a stage in life in which he decided to accept full responsibility for his actions, the court reminded counsel that defendant had recently committed crimes while in custody. This dialogue shows that the district court considered defendant's argument but disagreed with the suggestion that defendant had changed.

Defendant further argues that the sentence is procedurally unreasonable because "[i]n the present case, the district court never discussed § 3553(a) or its factors . . . ." However, by enacting 18 U.S.C. § 3553(a), Congress directed district courts to *consider* the listed factors when determining sentences. This statutory command is an insistence upon deliberation, not a formulaic requirement. When reviewing a district court's consideration of the § 3553(a) factors, we have never required "the 'ritual incantation' of the factors to affirm a sentence." *United States v.* Cage, 458 F.3d 537, 543 (6th Cir. 2006) (quoting *United States v. Johnson*, 403 F.3d 813, 816 (6th Cir. 2005)). To hold otherwise when the record shows adequate proof of deliberation would effectively insert an unnecessary insistence upon formalism into the statute. Explicit reference to the § 3553(a) factors is perhaps the easiest way for the district court to demonstrate that it has considered the factors, but such recitation is not required by statute or by this circuit's opinions. *United States v. Barton*, 455 F.3d 649, 659 (6th Cir. 2006); *United States v. Till*, 434 F.3d 880, 887 (6th Cir. 2006). As we stated in *Till*, 434 F.3d at 887:

> [We do not require] the formality of mentioning the magic words "§ 3553(a) factors" when imposing identical alternative sentences. We do not require, consistent with [*United States v.*] *Chandler*[, 419 F.3d 484 (6th Cir. 2005)] and [*United States v.*] *Beck*[, 157 Fed. App'x 784 (6th Cir. 2005)], that sentencing judges must offer some measure of reasoning when imposing sentences under the advisory-only Guidelines. However, we decline to require a special incantation that includes the phrase "§ 3553(a) factors."

"While a district court's failure to address each argument [of the defendant] head-on will not lead to automatic vacatur, we will vacate a sentence if the 'context and the record' do not 'make clear' the court's reasoning. And, of course, a thorough explanation is the most reliable way for a district court to make clear its reasons supporting a given sentence." *United States v. Liou*, 491 F.3d 334, 339 n.4, (6th Cir. 2007) (quoting *Rita v. United States*, 551 U.S. —, 127 S. Ct. 2456, 2469 (2007)) (internal citations omitted).

In the present case, although the district court did not expressly reference 18 U.S.C. § 3553(a) in imposing defendant's sentence, the record shows that it considered the § 3553(a) factors and defendant's arguments. The district court stated that it had reviewed the Guidelines but determined that the appropriate sentence called for an upwards variance from the Guidelines. The district court considered defendant's criminal history, stating that his three federal convictions are the most that the judge has seen in his 21 years on the bench, and noted that the presentencing report chronicled defendant's 22 state convictions. The sentencing judge referred to defendant's "long-standing substance abuse problem that won't go away," and emphasized that defendant "continues to commit crimes without let-up, both in and out of custody." These factors led the district court to conclude that defendant "is a threat to public safety and the public needs protection from [him]." The district court considered defendant's sentencing arguments, and the § 3553(a) factors, such as the nature and circumstances of the offense and the history and characteristics of the offender; the

need for the sentence imposed; the kind of sentences available; the sentence range recommended by the Sentencing Guidelines; and the need for restitution. The court also knew the Guidelines range, which the parties agreed was properly calculated, and was aware that the Guidelines were advisory. For these reasons, we conclude that defendant's sentence is procedurally reasonable.

III.

Defendant also argues that his sentence is substantively unreasonable. "A sentence is substantively unreasonable if the district court 'selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor.'" *United States v. Husein*, 478 F.3d 318, 332 (6th Cir. 2007) (citing *United States v. Caver*, 470 F.3d 220, 248 (6th Cir. 2006)).

Defendant acknowledges our jurisprudence establishing a presumption of reasonableness to sentences falling within the Guidelines range, but concludes that "[a] presumption of unreasonableness applies in this case given that the district court sentenced Mr. Smith six to seven years over the appropriate advisory Guideline range, in effect doubling the maximum of that range." While defendant is correct that the sentence is a substantial deviation from the Guideline range, his assertion that it bears a presumption of unreasonableness is incorrect.

Recently, the Supreme Court held that "a court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines." *Rita*, 127 S. Ct. at 2462.[3] Nevertheless, while the Supreme Court endorsed a presumption of reasonableness for sentences within the Guidelines range, it did not allow the converse: "The fact that we permit courts of appeals to adopt a presumption of reasonableness does not mean that courts may adopt a presumption of unreasonableness. Even the Government concedes that appellate courts may not presume that every variance from the advisory Guidelines is unreasonable." *Rita*, 127 S. Ct. at 2467; *see also United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006). In light of *Rita,* defendant's argument for a presumption of unreasonableness for sentences outside the Guidelines must be rejected.

Defendant further argues that the "sentence in this case is plainly unreasonable" because a sentence within the Guidelines range of 46 to 57 months would have been "approximately 6.2 and 7.2 years *less* than his actual sentence of 11 years."[4] Defendant's argument, while not well articulated, seems to be that his sentence is unreasonable because of its degree of variance from the Guidelines range.

In the post-*Booker* era, district courts have flexibility to deviate from the Sentencing Guidelines. "Because the Guidelines are now advisory, the district court has the discretion to vary from the Guidelines range in order to comply with the mandate that the sentence be 'sufficient, but not greater than necessary' to satisfy the purposes of sentencing set forth in § 3553(a)(2)." *United States v. Keller*, — F.3d —, 2007 WL 2254442, at *6 (6th Cir. Aug. 8, 2007) (citing *Collington*, 461 F.3d at 807-08).

---

[3]Our circuit had previously endorsed this practice. *See*, *e.g.*, *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006) ("We now join several sister circuits in crediting sentences properly calculated under the Guidelines with a rebuttable presumption of reasonableness.").

[4]The fact that defendant is referring to a sentence of 11 years, when his total sentence is for 15 years, suggests that he is only contesting the sentence for the bank robbery and not the additional sentence of two consecutive additional 24 month terms for the revocations of his supervised release.

Although the sentencing court may deviate from the Guidelines range, "when the district court independently chooses to deviate from the advisory guidelines range (whether above or below it), we apply a form of proportionality review." *Davis*, 458 F.3d at 496. "[T]he farther the judge's sentence departs from the guidelines sentence . . . the more compelling the justification based on factors in section 3553(a) must be." *Id*. at 496 (quoting *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005)) (internal quotation marks omitted).[5]

Modern-day sentencing should be guided by "the principle of proportionality, which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v. Milbourn*, 461 N.W.2d 1, 3 (Mich. 1990). *See also Weems v. United States*, 217 U.S. 349, 367 (1910), "[I]t is a precept of justice that punishment for [the] crime should be graduated and proportioned to [the] offense." While the calculations of the Sentencing Guidelines provide a sentence range that Congress and the Sentencing Commission deem reasonable in view of the Guideline factors, for an individualized, outside-the-Guidelines sentence to be reasonable, it must be proportionate to the seriousness of the circumstances of the offense and offender, and "sufficient, but not greater than necessary, to comply with the purposes set forth by [§ 3553(a)(2).]" *See e.g. Davis*, 458 F.3d at 496.

Here, the district court significantly deviated from the Guidelines range; the Guidelines recommended a sentence of between 46 and 57 months for the bank robbery, but the district court instead sentenced defendant to 132 months. In doing so, the district court expressed its opinion that the highest Criminal History Category of the Sentencing Guidelines fails to "really and truly represent the defendant's criminal behavior." The district court thoughtfully considered defendant's criminal history and noted that he had never encountered a defendant with as many federal convictions as Smith. Furthermore, the sentencing judge recognized defendant's continuing danger to the public, emphasizing that as a habitual criminal, defendant "continues to commit crimes without let-up, both in and out of custody." Defendant's sentence was a significant variance from the Guidelines, but the district court provided an equally significant justification for the deviation.

Following our de novo review for reasonableness, we conclude that defendant's outside-the-Guidelines sentence of 132-months incarceration is proportionate to the offense and the offender, and sufficient, but not greater than necessary, to comply with the purposes of § 3553(a)(2). The offense of bank robbery, 18 U.S.C. § 2113(a), is punishable by a maximum term of incarceration of 20 years (240 months). Defendant committed the crime without a weapon and did not make an express threat of violence. However, in the aftermath of the robbery, he fled from Cleveland, Tennessee, to Russellville, Arkansas. In the process, he stole an automobile, a license plate from another vehicle, fled from the police in a car chase, and eventually crashed his stolen car in a ditch. Following his apprehension, a small amount of marijuana was discovered in the stolen car.

At the time of the bank robbery, defendant was on supervised release for federal convictions of wire fraud (8 counts) and conspiracy to commit wire fraud committed while in federal prison.[6] Defendant started his known criminal career at the age of 17. His state court convictions include: joyriding (3/30/66); joyriding (4/29/66); attempt to commit a felony [escape] (7/01/66); forgery (11/04/67); attempt to commit a felony [forged check] (2/23/68); felonious escape from workhouse (5/14/68); larceny from a person (11/12/72); armed robbery (11/18/72); felonious escape from jail (10/12/73); passing forged papers (6/28/77); passing forged papers (7/12/77); burglary (2 counts),

---

[5]The Supreme Court is scheduled to review this issue this Term in *United States v. Gall*, No. 06-7949. *Rita*, 127 S. Ct. at 2467.

[6]At the revocation and sentencing proceeding, defense counsel stated that defendant had no objections to the presentence report. The list of defendant's convictions is taken from the presentence report. The dates of arrest are specified.

larceny, felony passing a forged instrument (6 counts) (9/28/78); escape (11/23/79); reckless driving and violation of the state driving license law (4/29/82); felony obtaining controlled substance (5/12/82); burglary, 1st degree [home invasion] (5/24/82); false pretenses [extorting $500 from another state prison inmate] (11/14/83); bribery and obtaining property under false pretenses [attempt to take $5,000 from an undercover agent posing to be the father-in-law of another state prison inmate] (6/04/84); obtaining property under false pretenses [obtaining $250 from another state prison inmate] (11/06/84); possession of marijuana (7/09/87); and grand larceny (8/29/87). In addition, defendant has two additional federal convictions: interstate transportation of stolen motor vehicles (10/31/68); and assault on government property [stabbing another inmate] (2/12/70).

While the majority of defendant's crimes did not involve actual violence, it is the non-violent nature of his previous crimes that allowed defendant to gain release from prison. The length of incarceration for his previous crimes (substantially less than his current 132 month sentence), was obviously not sufficient to comply with the purposes of § 3553(a)(2).[7]

Our court has affirmed upward variances from the Sentencing Guidelines in previous decisions. *See, e.g., United States v. Ragland*, 226 F. App'x 507, 511 (6th Cir. 2007); *United States v. Williams*, 214 F. App'x 552, 556 (6th Cir. 2007); *United States v. Wells*, 473 F.3d 640, 644-45 (6th Cir. 2007); and *United States v. Barton*, 455 F.3d 649, 658-60 (6th Cir. 2006), *cert. denied* 127 S. Ct. 748 (2006). In *Barton*, 455 F.3d at 659-60, we affirmed a variance based on the district court's reasoning that the defendant was an exceptionally "dangerous person" who "needs to be removed from society."

In *Williams*, 214 F. App'x at 556, we held that the sentencing judge articulated "compelling reasons" for his substantial upward variance from the Guidelines:

Having carefully reviewed the transcripts of the supervised release revocation hearing and both sentencing hearings, we remain unpersuaded that the sentence imposed by the district court is substantively unreasonable. The district court did not base the sentence on any impermissible factor. Nor has defendant demonstrated that the district court placed unreasonable weight on any one sentencing factor. The district court's upward variance from the advisory guidelines range is substantial. Yet, *in light of defendant's evident continuing propensity for violence, the variance is premised on compelling reasons*. The district court's explanation of its reasoning, though succinct, demonstrates appropriate consideration of defendant's history and characteristics, the need for just punishment, the need for deterrence, the need to protect the public, and the need to provide defendant with correctional treatment. *See* 18 U.S.C. § 3553(a).

(Emphasis added.)

In the present case, we agree with the district court's well-reasoned explanation for its above-the-Guidelines sentence. Defendant's extraordinary criminal history and exceptional danger to public safety are substantial and compelling reasons justifying the degree of deviation from the advisory Sentencing Guidelines. Moreover, defendant's sentence is proportionate to the offense and the offender, and sufficient, but not greater than necessary, to comply with the purposes of

---

[7] 18 U.S.C. § 3553(a)(2) provides: "(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

§ 3553(a)(2). For these reasons, we hold that defendant's sentence is substantially reasonable, and the district court did not abuse its sentencing discretion.

Affirmed.

---

**DISSENT**

---

R. GUY COLE, JR., Circuit Judge, dissenting. I disagree with the majority's conclusion that Smith's sentence is both procedurally and substantively reasonable. While the advisory Sentencing Guidelines prescribed a range of 46 to 57 months of incarceration for Smith's crime, the district court issued a 132-month sentence. In *United States v. Davis*, this Court characterized a 99.89% downward deviation from the Guidelines as an "extraordinary variance." 458 F.3d 491, 496 (6th Cir. 2006). In the present case, we now face a deviation even greater in magnitude in the opposite direction, approximately 158 percent.[1] Thus, it is irrefutable that the case at hand also constitutes "an extraordinary variance." As in *Davis*, the question before us is "whether extraordinary circumstances justify the full amount of the variance." *Id.* at 496-97. For the reasons set forth below, I believe the record fails to evidence such extraordinary circumstances.

**A.**

18 U.S.C. section 3553(a) instructs district courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in the provision." Compliance with section 3553(a) is mandatory. Specifically, section 3553(a) mandates that the district court consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the appropriate advisory guideline range; (5) any other pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

Once a district court imposes a sentence it deems appropriate under the factors delineated above, we must then consider whether the district court's sentence is a reasonable application of section 3553(a). *See United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005) (noting that "when a defendant challenges a district court's sentencing determination, we are instructed to determine "whether [the] sentence is unreasonable."") (quoting *United States v. Booker*, 543 U.S. 220, 261 (2005)). As the majority correctly explains, our review of sentencing decisions for reasonableness contains both procedural and substantive components. In assessing the procedural reasonableness of a sentence,[2] we examine the record to determine whether the district judge properly acknowledged the advisory nature of the Guidelines, considered the applicable Guidelines range, and weighed the factors set forth above and enumerated in section 3553(a). *Davis*, 458 F.3d at 495. Additionally, when a defendant raises a particular argument, procedural reasonableness requires the record to reflect "both that the district judge considered the defendant's argument *and* that the judge explained the basis for rejecting it." *United States v. Richardson*, 437 F. 3d 550, 554 (6th Cir. 2006) (emphasis added).

---

[1] This number was calculated by averaging the percent change between the actual 132-month sentence and the lower end of the Guidelines range, 46 months, and the percent change between the actual 132-month sentence and the upper end of the Guidelines range, 57 months.

[2] This Court recently took up the issue of procedural reasonableness under en banc review in *United States v. Vonner*, 05-5295 (heard en banc September 12, 2007). Since the opinion has not yet been issued, I draw on the existing standards of procedural reasonableness in setting forth my analysis.

In this case, the district court failed to review sufficiently on the record the section 3553(a) factors. While the district court properly acknowledged the advisory nature of the Guidelines and considered the applicable Guidelines range, the record does not reflect that the court weighed, as required, the factors set forth in section 3553(a). The court did weigh defendants' lengthy criminal history, lack of employment, longstanding substance abuse problem, and his commission of the instant crime while on supervised release; however, the record is silent on the district court's consideration of the nature and circumstances of this offense [§ 3553(a)(1)]; the need for the sentence to reflect the seriousness of the offense [§ 3553(a)(2)]; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct [§ 3553(a)(6)]. While this Court has "'never required 'ritual incantation' of the [section 3553(a)] factors to affirm a sentence'" and has indicated that "the district court need not explicitly reference each of the [section] 3553(a) factors in its sentencing determination," I still find the district court's inattention to the three factors above, especially the nature and circumstance of Smith's offense and the seriousness of the offense, precludes meaningful appellate review. *United States v. Cage*, 458 F.3d 537, 543 (quoting *United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005)); *United States v. Jones*, 445 F.3d 865, 869 (6th Cir. 2006).

Additionally, while the district court heard Smith's argument that his unarmed robbery of a bank was a plea for help and that he had reached a turning point in life, the record is silent as to whether the district court took these arguments into consideration in sentencing Smith well above the top of the Guidelines. The majority contends that the district court fully considered and rejected Smith's argument when the judge noted that Smith had committed this crime while on supervised release. Majority Op. at 4. Even if we were to assume that the court's colloquy evidenced its consideration of Smith's argument, the record is nevertheless devoid of the court's basis for rejecting it. At a minimum, the court should explain its reasons for doubting Smith's credibility. *See generally Rita v. United States*, 127 S.Ct. 2456, 2468 (2007) (stating that "[w]here the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence . . . the judge will normally go further and explain why he has rejected those arguments"). All the court said is, "All right. Well, the Court has considered this." (JA 42). Thus, even though the court may have complied with *Richardson's* first dictate–that the judge consider the defendant's non-frivolous argument, the court failed to comport with *Richardson's* second dictate–that the judge set forth a basis for rejecting the argument. Consequently, I find the 132-month sentence procedurally unreasonable.

**B.**

In addition, I part ways with the majority's conclusion that Smith's sentence was substantively reasonable. As we have noted, "[e]ven if a sentence is calculated properly, i.e., the Guidelines were properly applied and the district court clearly considered the [section] 3553(a) factors and explained its reasoning, a sentence can yet be [substantively] unreasonable." *United States v. Husein*, 478 F.3d 318, 332 (6th Cir. 2007) (quoting *United States v. Cage*, 451 F.3d 585, 591 (10th Cir. 2006)). More specifically, a substantively unreasonable sentence arises when the district court " "select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent [section] 3553(a) factors, or giv[es] an unreasonable amount of weight to any pertinent factor."" *United States v. Liou*, 491 F.3d 334, 337 (6th Cir. 2007) (quoting *Richardson*, 437 F.3d at 553).

In my view, the instant sentence falls short on the penultimate prong of this reasonableness analysis; that is, the district court failed to consider on record, among other factors, the "nature and circumstances of the offense," the first-listed factor under section 3553(a)(1).   *See* 18 U.S.C. § 3553(a)(1) (authorizing the sentencing court to account for "the nature and circumstances of the offense and the history and characteristics of the defendant"). In arriving at a 132-month sentence, the district court thoroughly considered Smith's extensive criminal history, including his "three prior federal convictions" and at least "22 prior state convictions." (JA 42).  Taken together, the court believed that these convictions supported a score considerably above that recommended by the Guidelines.  *Id.*  Likewise, the majority replicates the district court's unilateral focus on the defendant's criminal history, and recites the record of defendants' prior federal and state convictions.  Majority Op. at 6-7.

What is absent from the district court's analysis, however, is a consideration of the nature and circumstances of the specific crime for which Smith was being sentenced, namely bank robbery. While not discounting the severity and extent of defendant's many prior encounters with the law, a sentencing court must not lose sight of the particular offense at issue.  While defendant's criminal history is undoubtedly relevant to the sentencing decision, the defendant has already received punishment for his prior crimes.  Therefore, the nature of the conviction at issue is paramount.

According to the undisputed facts, Smith walked into a small branch bank during the middle of the morning without any weapons, display of force, or disguise, and absconded with the sum of $5,132.  The record simply does not evidence any consideration by the district court of the details of the particular crime; the focus is almost entirely on the severity of Smith's criminal past. Although section 3553(a)(1) authorizes a district court to account for the "history and characteristics of the defendant," it also requires the court to balance this factor against "the nature and circumstances of the offense."  18 U.S.C. § 3553(a)(1).  The district court's near singular focus on Smith's criminal history thus resulted in an inadequate focus on the unarmed bank robbery.

In affirming Smith's sentence as substantively reasonable, the majority relies on a line of cases in which this Court has previously affirmed above-the-Guidelines sentences.  Majority Op. at 7.  In most of these cases, however, the crimes directly at issue were of a violent nature.  In *United States v. Williams*, for example, this Court affirmed an upward departure from the Guidelines when the defendant violated his supervised release by allegedly committing  kidnapping, assault, and battery. 21 F. App'x 552 (6th Cir. 2007).  The central factor the Court pointed to in finding the heightened sentence reasonable was "defendant's evident continuing propensity for *violence*." *Id*. at 556 (emphasis added). Likewise, in affirming the upward departure in *United States v. Wells*, this Court focused on the "lengthy history of escalating  *violent* behavior by defendant in his relatively short life."  473 F.3d 640, 644 (6th Cir. 2007) (emphasis added).

The present case is readily distinguishable, however, because Smith's bank robbery lacked any indicia of violence.  Smith neither carried a weapon nor relied on any violent measures in committing the robbery.  The cases the majority marshals thus make clear that above-the-Guidelines sentences are justifiable in certain situations, especially those involving violent crimes; what these cases do not support, however, is that an above-the-Guidelines sentence is substantively reasonable in the case of a non-violent offense where the variance is of this magnitude and the explanation therefore is scant.

Taken together, these reasons suggest to me that, in affirming the district court's sentence as reasonable, the majority has departed from our central task in reviewing sentences–to ensure "'a sentence [is] sufficient, but not greater than necessary, to comply with the purposes set forth in'" section 3553(a).  *See Davis*, 458 F.3d at 495 (quoting § 3553(a)).  Under our "proportionality review," the record simply does not permit this Court to conduct a meaningful review as to whether an upward variance of 158 percent is proportionate to the instant offense or offender.  Had there

been a fuller explanation from the characteristically thorough, experienced, and competent judge who sentenced the defendant–a defendant who clearly has an extensive criminal past–then my review might have come to a different result.

For these reasons, I respectfully dissent.