**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0230n.06

**No. 08-6463**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Apr 13, 2010**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,                    )
                                             )
    Plaintiff-Appellee,                      )   ON APPEAL FROM THE
                                             )   UNITED STATES DISTRICT
    v.                                       )   COURT FOR THE MIDDLE
                                             )   DISTRICT OF TENNESSEE
RICHARD STEVEN BROWN                         )
                                             )
    Defendant-Appellant.                     )
                                             )

BEFORE:  KEITH, CLAY, and GRIFFIN, Circuit Judges.

PER CURIAM.

Richard Brown ("Brown") pled guilty to six counts of shipping, receiving, and possessing child pornography in violation of 18 U.S.C. §2252A(a)(1), (2), and (5).  The district court sentenced Brown to 235 months of imprisonment, based in part on a sentencing enhancement which increased his sentence based on the amount of images he possessed.  Brown now appeals, arguing that his sentence was procedurally and substantively unreasonable, and that the enhancement itself is unconstitutional.  For the reasons that follow, we affirm.

I.

For decades, Brown lived the life of a responsible adult.  In recent years, he found himself working night shifts and surfing the Internet while at home during the day.  As early as August 2004, he began trading child pornography with other adults in online chat rooms, including an undercover

FBI agent. In February of 2007, a warrant was issued to search Brown's residence for child pornography. During the search, police found approximately 95 images and 15 videos depicting the sexual exploitation of prepubescent children. Some of the videos included bondage, bestiality, and the penetration of very young children.

Upon questioning, Brown acknowledged that he had acquired many more images, but his previous computer had crashed and had been discarded. His current computer was only a few months old. Also during questioning, Brown denied that he had ever engaged in any hands-on sexual exploitation of children. However, because Brown was living with his wife and her two small children, the FBI Agent was troubled and notified local law enforcement. As part of that collateral investigation, the mother of the children placed a controlled telephone call to the defendant. During that call, Brown admitted that he had displayed pornography to both of the children and that, on one occasion, he had molested his nine year old stepdaughter. Brown was subsequently charged with aggravated sexual battery and pled guilty to attempted aggravated sexual battery. He was sentenced to serve three years in jail, with all but six months suspended. In December 2007, just before Brown was released from state custody, the government initiated the instant case.

## II.

"No procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." *Yakus v. United States*, 321 U.S. 414, 444 (1944) (internal citations omitted). When an argument is not raised at the trial level, this Court may

either decline to entertain the claim or exercise its discretion to consider the matter and apply the plain error standard. *See United States v. Copeland*, 321 F.3d 583, 601 (6th Cir. 2003). Brown does not dispute his failure to challenge the constitutionality of the amount-of-images enhancement at the sentencing hearing on November 17, 2008. However, he argues that the issue was effectively preserved because he criticized the amount-of-images enhancement in an earlier motion submitted nearly four months before sentencing.

This earlier motion, however, made no mention of the constitutionality of the amount-of-images enhancement. Instead, Brown argued that because the enhancement was "driven by Congressional directives" and created an "illogical" Sentencing Guidelines range, it should be "afforded less weight." Brown never raised any argument in this earlier motion that would have led the district court to rule on the constitutionality of the enhancement.

Federal Rule of Criminal Procedure 51(b) states that a party may preserve a claim of error by informing the court when the court ruling or order is made or sought of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection. Fed. R. Crim. P. 51(b). Because Brown never informed the district court of the constitutional grounds for his objection to the court's use of the amount-of-images enhancement, and because Brown declined to raise the issue when prompted to do so at the sentencing hearing, the issue was not properly preserved upon appeal.

Accordingly, this court declines to exercise its discretion to consider the constitutional claim in this case.

III.

We review a sentence imposed by the district court for procedural and substantive reasonableness under an abuse-of-discretion standard. *See Gall v. United States,* 552 U.S. 38, 52 (2007). Review for procedural reasonableness seeks to ensure that the district court committed no significant procedural error, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553 factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." *Id.* at 51. The Sixth Circuit has also consistently held that "a sentence may be procedurally unreasonable if the district court did not consider the applicable Guidelines range or neglected to consider the factors set forth in 18 U.S.C. § 3553(a), and instead simply chose a sentence that the judge deemed appropriate." *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008).

The defendant argues that the use of the amount-of-images enhancement was unreasonable because the district court misunderstood it to be promulgated by the Sentencing Commission when, according to the appellant, it was in fact promulgated by Congress. This argument is wrongheaded for two reasons. First, and most importantly, the district court follows the Sentencing Guidelines as mandated by *Booker*, and its understanding of how those Guidelines were promulgated would not be dispositive. Additionally, the district court's statement that it decided to follow the Guidelines because it felt that this was "the kind of case that Congress and the Sentencing Commission meant to apply what can be considered fairly draconian guidelines to" shows that the court understood the

intimate interplay between Congress and the Sentencing Commission that produced the guidelines, and indeed endorsed it.

The defendant also argues that the district court did not fully appreciate its freedom to vary from the Guidelines range because it used the word draconian to describe the sentence. However, Brown misinterprets the tenor of the district court's statement at the sentencing hearing. The court stated that the Guidelines punishments were "draconian" and "harsh," but deservedly so, and this case demonstrated the reasons why. The court described the child pornography's "horrible sadistic behavior on small children, very small children," and went on to list other additional factors applicable under §3553(a). It then concluded that "the court can find no reason to do anything but give you the guideline sentence in this case given the seriousness with which this is viewed in our society at the moment." This implies that the district court fully understood its discretion to vary from the Guidelines, and if the court found reason to give Brown a sentence outside the Guidelines, it would have. It is clear that the sentence was procedurally reasonable.

IV.

If the district court's sentence is procedurally sound, this court next considers the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard. *Gall*, 552 U.S. at 51. When conducting this review, the court will take into account the totality of the circumstances. *Id*. However, when a sentence falls within the advisory Guidelines range, we apply a rebuttable presumption of reasonableness. *United States v. Vonner*, 516 F. 3d 382, 389 (6th Cir. 2008) (en

banc). The fact that the we might reasonably have concluded that a different sentence would be appropriate is insufficient to justify a reversal of the district court. *Gall*, 552 U.S. at 51.

Brown incorrectly argues that, because he has no prior criminal history and a past record of good conduct, what he calls the near statutory maximum sentence of 235 months was substantively unreasonable. In fact, the defendant pleaded guilty to six counts of offense conduct, five of which have a maximum sentence of twenty years, pursuant to 18 U.S.C. § 2252(A)(b)(1), and the last of which has a maximum sentence of ten years, pursuant to 18 U.S.C. § 2252(A)(b)(2). Thus, the defendant's sentence of 235 months actually falls in the bottom range of the statutory penalty, leaving ample room for higher, consecutive sentencing for defendants who do not accept responsibility, have more serious criminal histories, or have larger collections of child pornography than Mr. Brown. *See* 18 U.S.C. § 3584; U.S.S.G. §5G1.2(d).

At sentencing, the district court properly noted the nature and circumstances of the crime, including Brown's status as a first-time offender, finding that he "lived a productive life" as "a responsible human being" until he engaged in the conduct that gave rise to the instant charges. However, the court also mentioned several other factors.

The court properly emphasized Brown's use of the pornography to attempt to molest his nine year-old stepdaughter. As the court stated, "that to the court is an extremely aggravating circumstance because it's not just being used in the privacy of one's home," but rather "to molest a nine year old child living in the home." Another factor is that Brown admitted that he was showing the pornography to both of the young children who were in his care.

For a sentence to be substantively reasonable, "it must be proportionate to the seriousness of the circumstances of the offense and offender, and 'sufficient but no greater than necessary to comply with the purposes'" of § 3553(a). *United States v. Smith,* 505 F.3d 463, 470 (6th Cir. 2007). In determining Brown's sentence the district court properly considered all the relevant factors, even stating that "the court is obligated to give Mr. Brown a sentence that is sufficient but not greater than necessary to comply with the purposes of sentencing." In light of the deferential abuse-of-discretion standard with which we review a lower court's sentence, and the presumption of reasonableness given to sentences that fall within the Guideline range, this Court concludes that the district court did not abuse its discretion here, and the sentence applied was substantively reasonable.

V.

For the reasons stated above, we **AFFIRM.**