NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0140n.06

No. 09-6317

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Mar 09, 2011**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| JOSHUA JOHNSON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: GRIFFIN and KETHLEDGE, Circuit Judges, BERTELSMAN, District Judge.[*]

KETHLEDGE, Circuit Judge. Joshua Johnson appeals his sentence following his guilty plea to possessing a weapon with an obliterated serial number. He argues that the district judge assigned too much weight to two prior juvenile convictions, rendering his within-guidelines sentence substantively unreasonable. We reject this argument, and affirm.

On September 11, 2007, Joshua Johnson—then 18 years old—was caught stealing a television from a Memphis apartment. At the time, he was also carrying a loaded 9mm semi-automatic pistol with an obliterated serial number. Johnson pled guilty to possession of the gun. *See* 18 U.S.C. § 922(k).

---

[*]The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

Johnson's presentence investigation report detailed his extensive criminal history, starting when Johnson was 12 years old. Johnson was charged with at least 14 crimes as a juvenile, and 9 crimes as an adult prior to his sentencing for this crime. Although some of his charges were resolved non-judicially, Johnson's record nevertheless put him within criminal-history category VI. His guidelines sentencing range was 46 to 57 months. The district judge sentenced Johnson to 54 months' incarceration. This appeal followed.

Johnson argues that the district court's calculation of his criminal-history category—although correct—"overstated the seriousness" of his prior conduct, and rendered his sentence substantively unreasonable. He specifically challenges the inclusion of two juvenile convictions, each of which added two points to his criminal-history calculation. First, at age 16, Johnson was convicted of disorderly conduct for refusing to leave a school cafeteria when a teacher asked him to do so. The teacher stated that Johnson threatened her during the incident, though Johnson denies it. Second, at age 17, Johnson was convicted of driving without a license. The arrest came after Johnson struck and totaled a parked car, and then left the scene of the accident. According to Johnson, neither of these charges would have resulted in any criminal-history points if they had been committed by an adult. Thus, he argues, the district court should have disregarded those points and sentenced Johnson within the resulting guideline range of 33 to 41 months.

We review the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Where, as here, a sentence is within the guidelines range, we apply a rebuttable presumption of reasonableness. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

Johnson has not rebutted the presumption here. At sentencing, the court exhaustively reviewed Johnson's "remarkable" criminal history, which began at age 12 with crimes involving weapons, assault, drugs, and aggression towards authority figures. The court specifically denied Johnson's request for a downward variance because the circumstances surrounding the two juvenile convictions demonstrated that they involved "very serious conduct." That is certainly true of the driving offense, and arguably true of the disorderly-conduct one. Further, the court noted that Johnson exhibited consistent "dangerous aggressive conduct" as a juvenile (at age 12, Johnson and four others beat another individual), as an adult (Johnson carried and fired an assault rifle during an aggravated robbery), and while incarcerated (Johnson assaulted a corrections officer). The court concluded that Johnson was a "danger to the community." The court then weighed the need to achieve just punishment, vindicate the law, and protect the public against mitigating factors such as Johnson's academic, family, and drug-use characteristics. In weighing all the relevant factors, and recognizing that the guidelines are advisory, the court determined that a 54-month sentence was "appropriate." The court summarized the basis for its decision as follows:

> Because of your serious and continuous criminal history, . . . it makes it hard not to consider a sentence that would be in the middle or upper end of the guideline range, and that's because of the allegations that we talked about earlier to protect the public in the case.

There simply is no evidence, therefore, that the district court "select[ed] the sentence arbitrarily, bas[ed] the sentence on impermissible factors, fail[ed] to consider pertinent §3553(a) factors, or [gave] an unreasonable amount of weight to any pertinent factor." *United States v. Smith*, 505 F.3d 463, 468 (6th Cir. 2008) (internal quotation marks omitted). To the contrary, the court

considered all the relevant factors, and concluded that Johnson's complete disregard for the laws

warranted a 54-month sentence. The court acted reasonably in doing so.

The district court's judgment is affirmed.