**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0780n.06

No. 10-3127

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Nov 21, 2011*

LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| RICHARD LEE THIGPEN, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: KENNEDY, GIBBONS, and KETHLEDGE, Circuit Judges.

PER CURIAM. Richard Lee Thigpen, a federal prisoner, appeals the sentence imposed following his guilty plea to charges of possession with intent to distribute crack cocaine and cocaine.

Thigpen's presentence report calculated a guidelines sentence of forty-one to fifty-one months of imprisonment, but noted that he was subject to a statutory mandatory minimum of 120 months, which became the guidelines sentence. At the sentencing hearing, the district court sentenced Thigpen to 120 months on the first count and a consecutive 41 months on the second count. Now, on appeal, Thigpen argues that the district court erred in running the sentences consecutively, because the plea agreement contemplated that the counts would be grouped for purposes of calculating the guidelines sentence.

The district court was authorized to run Thigpen's sentences either consecutively or concurrently under 18 U.S.C. § 3584. The court was not bound by the plea agreement or the presentence report, as Thigpen acknowledged in the written plea agreement and at his change of plea

hearing. Moreover, the sentence imposed was reasonable. The district court did not commit any procedural error, as it properly calculated the guidelines range, did not treat the guidelines as mandatory, considered the other pertinent sentencing factors, did not base the sentence on erroneous facts, and adequately explained the sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). In particular, the district court noted that Thigpen's lengthy criminal history, including crimes of violence, justified the consecutive sentence. Thigpen had most recently served eight years on a state drug offense, and he had resumed his drug trafficking on his release. The district court therefore concluded that a sentence longer than the mandatory minimum of ten years was needed. The sentence also was not substantively unreasonable, as it was not selected arbitrarily, was not based on impermissible factors, and did not give unreasonable weight to any factor. *See United States v. Lapsins*, 570 F.3d 758, 772 (6th Cir. 2009). The district court had the discretion to vary from the advisory guidelines range, and it was justified in doing so based on Thigpen's criminal history. *See, e.g., United States v. Smith*, 505 F.3d 463, 469-72 (6th Cir. 2007).

Thigpen has filed a pro se motion to vacate and remand for resentencing, arguing that the Fair Sentencing Act of 2010, Pub.L. 111-220, 124 Stat. 2372, has revised 21 U.S.C. § 841(b)(1) to increase the amount of crack cocaine needed to trigger the mandatory ten-year minimum sentence. We generally decline to address pro se arguments where an appellant is represented by counsel. *See United States v. Williams*, 641 F.3d 758, 770 (6th Cir. 2011), *cert. denied*, 2011 WL 4536357 (U.S. Oct. 3, 2011) (No. 11-5805). In any event, the Fair Sentencing Act of 2010, which was enacted on August 3, 2010, does not apply retroactively to defendants who were sentenced before its enactment. *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010), *cert. denied,* 131 S. Ct. 1705 (2011). Thigpen was sentenced on January 28, 2010, and was properly sentenced under the law applicable at the time his crimes were committed. *See id.*

Accordingly, the district court's judgment is affirmed.