NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0003n.06

No. 22-3235

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Jan 04, 2023
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| HARVEY JONES, | ) | OHIO |
|     Defendant-Appellant. | ) | |
| | ) | |

Before: KETHLEDGE, READLER, and MURPHY, Circuit Judges.

KETHLEDGE, Circuit Judge. Harvey Jones pled guilty to federal drug and gun offenses, and now argues that his sentence was procedurally and substantively unreasonable. We reject his arguments and affirm.

In December 2020, DEA agents in Euclid, Ohio, saw Harvey Jones participate in what they believed was a drug deal. The agents asked the Euclid Police Department to conduct a traffic stop once Jones left the scene. During the stop, Jones consented to a search of his car. Therein officers found 128.21 grams of cocaine, a .45 caliber pistol, and $25,000 in cash, along with $4,000 on Jones's person. Jones later admitted, among other things, that he had stolen the pistol and that he obtained the money from cocaine sales. He also confessed to previously delivering over three kilograms of cocaine to an associate.

A grand jury thereafter indicted Jones on one count of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, two counts of possession with intent to distribute

cocaine in violation of 21 U.S.C. § 841(a)(1), and one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). Jones pled guilty to all four counts without a plea agreement.

Jones had two prior felony drug-trafficking convictions, so the probation office recommended that the district court designate him a career offender. *See* U.S.S.G. § 4B1.1. Over Jones's objection, the court adopted that recommendation, finding among other things that Jones's 2007 Ohio drug-trafficking conviction was a predicate offense. The court calculated a guidelines range of 262 to 327 months, and sentenced Jones to 262 months' imprisonment. This appeal followed.

We review the procedural and substantive reasonableness of Jones's sentence for an abuse of discretion. *United States v. Fleischer*, 971 F.3d 559, 567 (6th Cir. 2020).

Jones challenges his sentence on several grounds, most of which are barely developed. Jones argues that the district court improperly designated him a career offender. Specifically, Jones says, his 2007 Ohio drug-trafficking conviction "lacked temporal proximity to the instant case." Yet Jones was incarcerated for that offense as late as November 2016—which was within 15 years of the commission of his current offense. The 2007 Ohio drug-trafficking conviction was therefore recent enough to count as a predicate offense. *See* U.S.S.G. §§ 4A1.2(e)(1), 4B1.1. Hence his argument is meritless.

Jones also argues that the court failed to consider the 18 U.S.C. § 3553(a) factors. The record shows otherwise. At sentencing the court discussed, among other things, the circumstances in which Jones possessed the stolen firearm and cocaine, the need to deter Jones from future crimes, Jones's personal background, and his lengthy criminal history, which included 29 adult

convictions in 19 years. This argument is therefore meritless as well. *See United States v. Smith*, 505 F.3d 463, 468 (6th Cir. 2007).

Jones likewise argues that the district court treated the Guidelines as mandatory. The district court expressly said the contrary, however, and the record otherwise provides no support for Jones's assertion. His sentence was procedurally reasonable.

Jones separately argues that his sentence was substantively unreasonable. We presume otherwise, given that Jones's sentence was within his guidelines range. *See United States v. Vonner*, 516 F.3d 382, 389-90 (6th Cir. 2008). Specifically, Jones says that the district court placed too much weight on his criminal history and too little weight on factors that Jones sees as mitigating. Yet the district court observed—properly—that none of Jones's past sentences had "deterred him," and that, "no matter what kind of leniency he's been shown," Jones was unwilling "to modify his behavior." Jones has not rebutted the presumption that his sentence was substantively reasonable. *See United States v. Adkins*, 729 F.3d 559, 571-72 (6th Cir. 2013).

The district court's judgment is affirmed.