NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0497n.06

Case No. 23-6103

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Dec 06, 2024
KELLY L. STEPHENS, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JUAN GARCIA,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

---

BEFORE: BATCHELDER, GRIFFIN, and WHITE, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** Juan Garcia appeals the district court's sentence imposed after a jury convicted him of conspiracy to distribute methamphetamine. Garcia argues that his within-Guideline sentence is substantively unreasonable. We disagree and affirm.

**I.**

As proven at a four-day trial, Garcia was a middleman in a drug operation organized by his brother, who was conducting this business from prison. Methamphetamine was shipped from California to buyers in Memphis, Tennessee, and once the buyer received the drugs, the buyer would then deliver the money to Garcia. Garcia kept a percentage of the profits from each drug sale and sent the rest of the money to California. The jury convicted Garcia of conspiring to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846.

The district court sentenced Garcia to 188-months' imprisonment and five years of supervised release. It found Garcia participated in a conspiracy to traffic at least 2.33 kilograms of methamphetamine, putting Garcia at a base offense level of 36. U.S.S.G. § 2D1.1(2).

The district court further determined that Garcia's total offense level was 36 and his criminal history category was I, which resulted in an advisory Guideline range of 188 to 235 months in prison. The district court sentenced Garcia to the bottom of the range, 188-months' imprisonment, and five years of supervised release. In this appeal, Garcia does not challenge the Guideline calculation; he challenges only the substantive reasonableness of the 188-month sentence.

**II.**

We review a sentence for substantive reasonableness under an abuse-of-discretion standard. *United States v. Axline*, 93 F.4th 1002, 1007 (6th Cir. 2024). Under this standard, we will not disturb the sentence imposed by the district court unless it was "based on an error of law or a clearly erroneous finding of fact," or we are "left with the definite and firm conviction that the district court committed a clear error of judgment." *United States v. Kumar*, 750 F.3d 563, 566 (6th Cir. 2014). We presume that a within-Guideline sentence is reasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007). Garcia contends that the district court imposed a substantively unreasonable sentence because it improperly weighed the 18 U.S.C. § 3553(a) factors and should have granted him a downward variance. This argument does not overcome the presumption of reasonableness.

A sentence is substantively reasonable if it is "'proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes' of § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (quoting *United States v. Smith*, 505 F.3d 463, 470 (6th Cir. 2007)) (additional internal quotation marks omitted). A district court imposes a substantively unreasonable sentence if the sentence is chosen arbitrarily or based on impermissible factors, or if the district court failed to consider or gave unreasonable weight to any pertinent § 3553(a) factors. *United States v. Tristan-Madrigal*,

601 F.3d 629, 633 (6th Cir. 2010).  We do not require the district court to mechanically recite the § 3553(a) factors, but it must provide an explanation of why it chose the imposed sentence.  *Vowell*, 516 F.3d at 510.

The district court properly addressed each of Garcia's mitigating arguments and explained why it denied the request for a downward variance.  While Garcia's brother might have taken "undue advantage" of him, Garcia "should have known better" as his brother was directing him to act unlawfully while being incarcerated for similar charges.  Also, despite Garcia's relatively sparse criminal history during his long residence in the United States, the longer he remained in this country, the more he engaged in criminal behavior in concert with his brother.  This finding was bolstered by the fact that due to his illegal activity, removal proceedings began against Garcia—38 years old at the time of sentencing—when he was 26 years old.  The district court determined that a lower sentence would not serve the needs of deterrence and would create unwarranted sentencing disparities.  Because Garcia's within-Guideline sentence was not substantively unreasonable, we affirm the district court's judgment.

## III.

For the foregoing reasons, we affirm the judgment of the district court.