**NOT RECOMMENDED FOR PUBLICATION**
File Name: 19a0007n.06

**No. 18-1014**

**UNITED STATES COURTS OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 08, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| RYAN ROGER BRUCE AMELIA, | ) | |
| | ) | |
| Defendant-Appellant. | ) | OPINION |

BEFORE: COLE, Chief Judge; SUHRHEINRICH and MOORE, Circuit Judges.

COLE, Chief Judge. Defendant Ryan Amelia appeals his 204-month within-Guidelines sentence as procedurally and substantively unreasonable. Because the district court did not commit plain error in imposing a procedurally reasonable sentence, or abuse its discretion in imposing a substantively reasonable sentence, we affirm.

## I. BACKGROUND

In June 2017, a three-count indictment was filed in the United States District Court for the Western District of Michigan, charging Amelia, a convicted felon, with knowingly possessing three firearms in April and May 2017 in violation of 18 U.S.C. § 922(g)(1) and possessing methamphetamine in violation of 21 U.S.C. § 844(a).

A month later, Amelia appeared before the magistrate judge for a change of plea hearing. Amelia pleaded guilty to count one and accepted a plea agreement addendum acknowledging that he may be subjected to enhanced penalties as stated in 18 U.S.C. § 924(e)(1) because of his prior convictions for violent crimes. The court accepted Amelia's plea.

According to the presentence investigation report ("PSR"), Amelia had an Offense Level of 30, and a criminal history category of VI, resulting in an advisory guideline range of 180 to 210 months. The PSR concluded that three of Amelia's eight prior convictions were crimes of violence: two assaults with a dangerous weapon, and one controlled substance delivery/manufacture of marijuana, with a habitual offender. In December 2017, the district court held a sentencing hearing for Amelia. Amelia did not object to the report. Amelia's counsel, however, requested that the court "consider the lower end of the[] guidelines, which is 180 months in light of … the fact that [Amelia] is dealing with true mental health issues." (*Sentencing H'rg Tr.*, R. 66, PageID 256.) Judge Maloney stated that while he normally would not recommend a specific facility, he "would be willing to put that in the judgment to the extent that it may or may not work." *Id.* at 258.

The court then outlined the 18 U.S.C. § 3553 sentencing factors, which include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant; the kind of sentences available; any pertinent policy statement; and the need to avoid unwarranted sentence disparities among defendants with similar records. The court found that:

> Regretfully, Mr. Amelia earned the designation of Criminal History Category VI regardless of whether he is classified as an armed career criminal or not. He has a very bad criminal history, as [the government] points out, significant convictions for assault-related behavior, as well as prior convictions relating to weapons, and

he is back in front of the Court on yet another weapons charge here. I view Mr. Amelia right now as a significant risk to the public. He needs to be specifically deterred as well as the Court's consideration of general deterrence of others who might contemplate similar criminal activity.

Under the circumstances here, given the defendant's prior criminal history, the need for general and specific deterrence, to the extent that Mr. Amelia is a repeat offender in terms of possession of a [sic] firearms when he shouldn't have them, I don't think a mandatory minimum sentence in this case is appropriate, and indeed, a higher term of imprisonment is appropriate, towards the upper end of the advisory guideline range in this case. It would reflect the seriousness of the offense, promote respect for law, and provide just punishment for the offense.

Accordingly, it's the judgment of the Court, the defendant is committed to the custody of the Bureau of Prisons for a term of 204 months.

(Sentence Hr'g Tr., R. 66, PageID 260.)

No objections were made.

On appeal, Amelia argues that his sentence is procedurally unreasonable because the district court did not comply with the mandate to "state in open court the reasons for its imposition of the particular sentence, and . . . the reason for imposing a sentence at a particular point within the range." (Appellant Br. 4 (quoting 18 U.S.C. § 3553(c)(1))). He also argues that his sentence is substantively unreasonable because it was imposed arbitrarily.

## II. ANALYSIS

1. *Procedural Reasonableness*

Because Amelia did not object during the sentencing hearing, this court reviews Amelia's challenge to his sentence for plain error. *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008)(en banc).. Under the plain-error standard, for Amelia to prove that his sentence was procedurally unreasonable, he must show (1) error (2) that was obvious or clear, (3) that affected his substantial rights, and (4) affected the fairness, integrity, or public reputation of the judicial proceedings. *Id.*

Amelia argues that the district court failed to "articulate its reasons" for imposing a sentence near the upper end of the guidelines. (Appellant Br. 6.) In support of this argument, Amelia asks us to adopt a rule from one of our sister circuits and its requirement that district courts regularly "refer to the facts of each case and explain why they chose a particular point in the sentencing range." *United States v. Engler*, 422 F.3d 692, 696 (8th Cir. 2005). The government counters that "the district court here did precisely what the Eighth Circuit recommended." (Appellee Br. 11.) We agree.

Before sentencing Amelia to a within-guidelines 204-month sentence, the court recognized that the "guidelines are advisory," and the need to "make an individualized assessment based on the facts presented," but that it also must "comply with the purposes of sentencing set forth in 18 U.S. Code 3553 (a)." (Sentence Hr'g Tr., R.66, PageID 258.) The court also recognized "that imprisonment is not suitable for the purpose of promoting correction and rehabilitation." (*Id.*, at 259 (citing *Tapia v. United States*, 564 U.S. 319 (2011).) The court then considered the § 3553 factors that were key to his sentence: Amelia's criminal history, his risk to the public, and the need to deter Amelia and others from similar conduct. By proceeding in this manner, "the district court did not fail to calculate . . . the Guidelines range, treat the Guidelines as mandatory, fail to consider the § 3553(a) factors, select a sentence based on clearly erroneous facts, or fail to adequately explain the chosen sentence." *United States v. Sexton*, 512 F.3d 326, 331 (6th Cir. 2008) (internal quotations and alterations omitted).

As the Supreme Court held in *Rita v. United States*, "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." 551 U.S. 338, 356–57 (2007). And we are satisfied that the court "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *Id.* at 356.

Thus, Amelia's sentence is procedurally reasonable.

2. *Substantive Reasonableness*

In the alternative, Amelia contends that his sentence is substantively unreasonable because it was imposed arbitrarily. We review the substantive reasonableness of a sentence under the abuse-of-discretion standard. *See United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007). "For a sentence to be substantively reasonable, it must be proportionate to the seriousness of the circumstances of the offense and offender, and 'sufficient but not greater than necessary, to comply with the purposes' of § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (quoting *United States v. Ronald Smith*, 505 F.3d 463, 470 (6th Cir. 2007)). "A sentence will be found to be substantively unreasonable when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008) (internal quotation marks and citation omitted). When a sentence falls within the guidelines, "we may apply a rebuttable presumption of substantive reasonableness." *Bolds*, 511 F.3d at 581.

Amelia argues that the court failed to provide an explanation for his sentence and thus it was imposed arbitrarily. For support, Amelia points to this court's decision in *United States v. Webb*, 403 F.3d 373 (6th Cir. 2005). In *Webb*, we held that "we may conclude that a sentence is unreasonable when the district judge fails to 'consider' the applicable Guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *Id.* at 383. (citation and footnote omitted).

That is not, however, what the court did here. The district court reviewed the § 3553 factors, considered the guideline range, and then sentenced Amelia at the higher end of the guideline range. Even though the district court considered three of the § 3553 factors as important for the sentencing, this consideration does not make the sentence arbitrary. *See United States v. Zobel*, 696 F.3d 558, 571 (6th Cir. 2012) ("The district court certainly attached significant weight to public safety concerns, but a district court does not commit reversible error simply by attaching great weight to a single factor.") (internal quotation marks and citation omitted). Through our review of the sentencing transcript, we conclude that district court "adequately explain[ed] the chosen sentence." *Gall v. United States*, 552 U.S. 38, 50 (2007).

Therefore, we find that Amelia's sentence is also substantively reasonable.

### III. CONCLUSION

For the foregoing reason, we affirm Amelia's sentence of 204 months of imprisonment.