NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0552n.06

Case No. 18-2322

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 31, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| JARVIS XAVIER BENNETT, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | **OPINION** |
| | ) | |

BEFORE: KETHLEDGE, BUSH, and NALBANDIAN, Circuit Judges.

NALBANDIAN, Circuit Judge. Jarvis Bennett pleaded guilty, without a plea agreement, to two counts of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(viii). Adhering to the Federal Sentencing Guidelines, the district court sentenced Bennett to 120 months in prison. Bennett now challenges the reasonableness of the district court's decision. Without support, he argues that the district court improperly overemphasized his criminal history when calculating his sentence. So Bennett's unfounded claims fail to overcome the deference owed to district courts in sentencing determinations. Therefore, we AFFIRM.

I.

Following an investigation by undercover officers and confidential informants, the Kalamazoo Valley Enforcement Team ("KVET") uncovered evidence that Jarvis Xavier Bennett supplied methamphetamine to local dealers. With this information, KVET obtained a warrant to search a residence associated with Bennett. Law enforcement officers arrested Bennett during his

attempt to drive away from the area. They also found a bag containing 55.4 grams of methamphetamine in the seat behind him.

The government then charged Bennett with two counts of distributing methamphetamine. This was hardly Bennett's first encounter with the criminal justice system; his criminal history contains twenty-five adult convictions and six juvenile convictions. Eleven of these convictions occurred while Bennett was on parole.

Before trial, Bennett pleaded guilty to both charges of distributing methamphetamine. Bennett also submitted a written acceptance of responsibility detailing his possession and sales of controlled substances. This statement expressed remorse for the crimes he admitted to committing. The district court accepted Bennett's plea.

Upon receiving the initial presentence report, Bennett objected to many facts alleged by the document, including those related to his involvement in illegal drug sales, the quantity of methamphetamine seized, and the scoring of his prior criminal history. Bennett also sought a downward sentencing variance, challenging whether the preponderance of the evidence showed that he controlled the methamphetamine found in the vehicle at the time of his arrest. The court resolved these issues in Bennett's favor during his sentencing hearing, using a 100–125 month sentencing range as opposed to the initial 121–151 month range.

During his sentencing hearing, Bennett again requested a downward variance. In support, he cited adversity in his personal life, including the death of his father, and his acceptance of responsibility for his criminal behavior. After considering Bennett's position, the district judge issued a within-Guidelines sentence of 120 months. Although the judge contemplated an upward variance based on Bennett's criminal history and repeated parole violations, he cited Bennett's personal history and acceptance of responsibility as reasons for a shorter sentence. Still, the trial

court determined that Bennett's "unusually large number of criminal convictions" and "terrible track record on parole" required a "high guideline sentence." (R. 42, Statement of Reasons at PageID #231.) Bennett now contends that he received a substantively unreasonable sentence.

## II.

We decide whether a sentence is substantively unreasonable by following the factors set out in 18 U.S.C. § 3553(a). These include the nature and circumstances of the offense, as well as the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). Substantively reasonable sentences must be "proportionate to the seriousness of the circumstances of the offense and offender, and 'sufficient but not greater than necessary, to comply with the purposes' of [18 U.S.C.] § 3553(a)(2)." *United States v. Vowell,* 516 F.3d 503, 512 (6th Cir. 2008) (quoting *United States v. Smith,* 505 F.3d 463, 470 (6th Cir. 2007)). Comparatively, we find a sentence substantively unreasonable "when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Robinson*, 669 F.3d 767, 774 (6th Cir. 2012) (internal quotation marks omitted) (quoting *United States v. Conatser*, 513 F.3d 508, 520 (6th Cir. 2008)).

We apply the deferential abuse of discretion standard when reviewing a sentence issued by a district court. *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007). Under this standard, "[t]he fact that [we] might have reasonably concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.* (second alteration in original) (quoting *Gall v. United States*, 552 U.S. 38, 46 (2007)). When a district judge weighs the relevant sentencing factors and explains the rationale behind the sentence, even a departure from the Federal Sentencing Guidelines may be substantively reasonable. *See id.* at 582. Further, sentences within

the range prescribed by the Guidelines are presumptively reasonable. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc). So challenges to within-Guidelines sentences only succeed by overcoming a presumption of reasonableness and showing the district court abused its discretion.

III.

Bennett only challenges the substantive reasonableness of his 120-month sentence. In effect, his sole contention is that the district court allegedly "placed an unreasonable amount of weight on [his] prior criminal history[.]" (Appellant's Br. at 14.) To that end, Bennett claims that the district court did not fully account for his circumstances, characteristics, and personal history. But he does not assert that the district court considered any impermissible factors or acted arbitrarily.

Instead, Bennett complains that the district court gave cursory treatment to its review of his criminal record, which consists of crimes that he describes as "not serious in nature." (*Id.* at 16.) Even the government agreed that Bennett did not commit "a lot of serious offenses," but only "a lot of offenses." (R. 46, Tr. of Sentencing Hr'g at 17–18.) So Bennett alleges his sentence is "unnecessarily high" and therefore "greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a)." (Appellant's Br. at 16–18.)

In other words, Bennett challenges the district court's decision to take into account his thirty-one prior convictions, which include eleven violations of parole, domestic violence, and a home invasion, beyond the weight that the Guidelines already give his criminal history in the calculation of his recommended range. And he asserts that the court gave other sentencing factors inadequate weight.

Counter to Bennett's account, the district court directly considered factors related to Bennett's circumstances, characteristics, and personal history. Indeed, the district judge addressed the need to balance Bennett's long criminal history against Bennett's personal circumstances. Specifically, the judge discussed the effect of Bennett's father passing away and Bennett's apparent contrition. These factors led the judge to impose a more lenient sentence.

In sum, the district judge considered "an appropriate balance of all . . . factors." (R. 46, Tr. of Sentencing Hr'g at 20.) Simply put, the judge stated that Bennett's personal struggles and genuine remorse partially offset his substantial criminal history. Nothing in the record suggests the district judge was paying mere lip service to these offsetting factors. So Bennett does not show that the district court failed to balance the necessary factors. If anything, he simply disputes the outcome of the district court's balancing of relevant factors.

Yet appellate review of a criminal sentence is not a second chance to litigate for a more favorable outcome. *See Vonner*, 516 F.3d at 392 (discussing decisions that "empowered district courts, not appellate courts" to determine criminal sentences). So we generally will not "'second guess' sentences on substantive grounds when they fall in the range prescribed by the guidelines." *United States v. Simmons*, 587 F.3d 348, 365 (6th Cir. 2009) (quoting *United States v. Davis*, 537 F.3d 611, 618 (6th Cir. 2008)). A district judge merely placing "great weight" on a defendant's criminal history does not amount to a reversibly unreasonable sentence. *Id.* Especially so if a district judge considers other relevant and permissible factors. *Id.*

And that's exactly what happened here. During sentencing, the district judge articulated his rationale for a 120-month sentence and weighed Bennett's criminal history against his circumstances and characteristics. The court's discussion and concern over Bennett's substantial criminal history does not make Bennett's sentence unreasonable, especially when the court

considered other countervailing factors. In brief, Bennett does not offer any persuasive evidence that the district court gave inappropriate weight to his criminal history or failed to consider the necessary sentencing factors under 18 U.S.C. § 3553(a).

Challenging a within-Guidelines sentence is "no small burden." *Id.* Defendants must rebut the presumption that within-Guidelines sentences are reasonable. And defendants must also show that the trial court abused its discretion when calculating the sentence. Bennett's allegations of substantive unreasonableness, unsupported by the record, do not meet the high bar for vacating a within-Guidelines sentence.

## IV.

For these reasons, we AFFIRM Bennett's sentence.