**NOT RECOMMENDED FOR PUBLICATION**
**File Name: 20a0362n.06**

**No. 19-6048**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Jun 19, 2020
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| QUINEY HAROON PERDUE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | **REDACTED OPINION*** |
| | ) | |
| | ) | |

BEFORE:     GIBBONS, McKEAGUE, and STRANCH, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** Quiney Perdue was sentenced to two concurrent terms of 63 months in prison for two counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and a consecutive 240 months for knowingly using, brandishing, and discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). The district court effectively doubled the 120-month statutory mandatory minimum and guideline range for his firearm offense. Perdue challenges this upward variance as procedurally and substantively unreasonable because the district court failed to address one of his arguments while imposing his sentence. Because the district court did not abuse its discretion, we **AFFIRM** Perdue's sentence.

---

*Because privileged information appears in footnote 1, the court filed a redacted opinion on the public docket. The court contemporaneously provided a sealed and unredacted opinion to the Hon. John T. Fowlkes, Jr. and to counsel of record.

## I. BACKGROUND

On March 3, 2018, Perdue entered a First Tennessee bank in Memphis, Tennessee, and gave the teller a note saying "Give me the money. Hit the button and I'm shooting you in the face! Nothing out the first draw. No GPS. If a dye pack go off I got 17 shots. I'm killing everybody and myself." The teller pressed the security alarm button, and Perdue grabbed the note and left the bank.

On March 5, 2018, Perdue and an accomplice entered a different First Tennessee bank in Memphis, Tennessee. The bank's surveillance video revealed Perdue, armed with a revolver, shooting the security guard several times and then, with his accomplice, jumping over the bank counter and grabbing $29,991.27 from a teller drawer. The two fled, and the security guard was transported to the hospital. A witness followed Perdue and the accomplice and directed the police to their vehicle parked outside an apartment complex. Officers obtained a search warrant for the vehicle and found the perpetrators' clothes, a First Tennessee deposit slip, a revolver, and cash. The officers ordered all individuals, Perdue among them, to come out of the residence. And later, in a photographic line-up, two witnesses identified Perdue as the individual who robbed the bank. The security guard lived.

Perdue was charged with and, without a written plea agreement, pled guilty to two counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and one count of using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Based on Perdue's total offense level of 26 and criminal history category of I, the Probation Office calculated his advisory guideline range as 63 to 78 months for the bank robberies, and, because it was controlled by the statutory minimum pursuant to USSG § 2K2.4(b), a consecutive sentence of 120 months for the firearm offense. Perdue did not object to these calculations.

At sentencing, when balancing the relevant factors, the district court found that Perdue's conduct was "egregious" and "one of the worst bank robbery cases." It acknowledged that Perdue had no criminal history and discussed in depth his access to education, involvement with sports, family support, and mental health and drug issues. The court then sentenced Perdue to two concurrent terms of 63 months in prison for the two counts of bank robbery and a consecutive 240 months for the firearm offense.

Perdue appeals his sentence.

## II.    ANALYSIS

Perdue challenges his sentence as both procedurally and substantively unreasonable. We review a sentence for procedural and substantive reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 40 (2007).

The substantive reasonableness inquiry determines if the length of a sentence conforms with the sentencing goals set forth in 18 U.S.C. § 3553(a) and asks whether the district judge "'abused his discretion in determining that the § 3553(a) factors supported' the sentence imposed." *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020) (quoting *Gall*, 552 U.S. at 56); *see also United States v. Tristan-Madrigal*, 601 F.3d 629, 632–33 (6th Cir. 2010). In contrast, a sentence is procedurally reasonable where "the trial court follows proper procedures and gives adequate consideration to [the § 3553(a)] factors." *Holguin-Hernandez*, 140 S. Ct. at 766; *see also United States v. Rayyan*, 885 F.3d 436, 441 (6th Cir. 2018). The substantive reasonableness of a sentence is a separate inquiry: even if the district court followed proper procedures and adequately considered the appropriate factors, we ask whether the district court nevertheless imposed a sentence that is "greater than necessary." *Holguin-Hernandez*, 140 S. Ct. at 766–67. In short, procedural review of a sentence concerns the propriety of the factors that go into a sentence; substantive review assesses the reasonableness of the sentence that results.

Perdue argues that the district court procedurally erred by varying upward. A sentence is procedurally unreasonable if the district court committed "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. "It is well established that, as part of its sentencing procedure, a court must consider all non-frivolous arguments in support of a lower sentence." *United States v. Gunter*, 620 F.3d 642, 645–46 (6th Cir. 2010); *United States v. Wallace*, 597 F.3d 794, 803 (6th Cir. 2010). But it is not required to "give the reasons for rejecting any and all arguments by the parties for alternative sentences." *United States v. Vonner*, 516 F.3d 382, 387 (6th Cir. 2008) (en banc). Thus, the district court must set forth reasoning that is adequate to demonstrate it "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

The district court conducted an extensive sentencing hearing. It heard the defense's arguments for a sentence below the guideline range, which addressed Perdue's lack of criminal history, drug addiction, and poor mental and emotional health at the time of the offense. Perdue's mother and father both testified about these matters, as well as Perdue's childhood and educational opportunities.

Before imposing its sentence, the court stated that it would base its decision on the presentence report, "the position of the parties, their arguments today and their filing." R. 58, PageID 198. It discussed numerous mitigating factors, including Perdue's childhood, educational opportunities, drug addiction, and poor mental and emotional health at the time of the offense. The court emphasized, however, that Perdue

> disrespected the law in the offenses that he has committed and the way they became more serious as time went on. The punishment has to be adequate. Deterrence is a significant factor given the way the offenses were carried out, where they were carried out, things of that nature, but then protecting the public from future crimes of the Defendant. If you listen to him and his family maybe that isn't such a significant factor, but reflecting the seriousness of the offense and protecting the public are significant factors in this Court's mind.

*Id.*, PageID 203-04. The court then determined that Perdue's mental health issues served as a "two-edge sword" because they explained why, on the one hand, he committed the crimes and, on the other, why he constituted a "danger to the community." *Id.*, PageID 204.

The district court discussed the arguments raised and spoke generally about Perdue's adherence to the law. *See United States v. Petrus*, 588 F.3d 347, 352 (6th Cir. 2009) (holding that "'a district court's failure to address each argument [of the defendant] head-on will not lead to automatic vacatur' if the context and record make the court's reasoning clear" (quoting *United States v. Smith*, 505 F.3d 463, 468 (6th Cir. 2007))). Perdue concedes that the court "did an admirable job addressing the sentencing factors set forth under 18 U.S.C. § 3553(a)." Perdue's sentence is not procedurally unreasonable.



While Perdue's contentions on appeal primarily address procedural reasonableness, he also argues that his sentence is substantively unreasonable because the district court placed unreasonable weight on his supposed disrespect for the law. Thus, Perdue maintains, his sentence was greater than necessary to achieve the goals of sentencing. One way to gauge the substantive reasonableness of a sentence is to ask whether "the court placed too much weight on some of the § 3553(a) factors and too little on others" in reaching its sentencing decision. *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019) (quoting *Rayyan*, 885 F.3d at 442). If the court failed to give "reasonable weight to each relevant factor," the resulting sentence is substantively unreasonable. *United States v. Boucher*, 937 F.3d 702, 707 (6th Cir. 2019) (emphasis omitted). Of course, we must respect the district court's reasoned discretion to weigh the factors "to fashion individualized, fact-driven sentences without interference from appellate courts." *Id.* at 708. But a sentence above or below the guidelines range requires the district court to "consider the extent of the deviation to ensure that the justification is sufficiently compelling to support the degree of variance." *Gall*, 552 U.S. at 50. The greater the variance, the more compelling the justification must be. *Id.*; *see also United States v. Poynter*, 495 F.3d 349, 352 (6th Cir. 2007).

The district court varied upward 120 months from the guidelines for Perdue's firearm offense, resulting in 240-month term of imprisonment consecutive to the sentence imposed for his bank robbery offenses. As explained, the court did not abuse its discretion in considering the § 3553(a) factors. *Holguin-Hernandez*, 140 S. Ct. at 766. And as long as it explains why this case falls outside the heartland of cases, the court's fact-specific variance "attract[s the] greatest respect" on appeal. *Boucher*, 937 F.3d at 708. The court explained the nature of the offense:

> Everyone agrees . . . it's one of the worst bank robbery cases. . . . It's bad. I mean, it's just no way of getting around it. It's egregious. Any time an individual comes in and just starts shooting. Security guard is shot multiple times, critical condition,

> taken to the hospital, surgery on multiple occasions to save his life. It just doesn't
> get much worse than that . . .

R. 58, PageID 199. After comparing Perdue's mitigation evidence to the seriousness of the crime, Perdue's commission of multiple robberies and inability to abide by the law, and his failure to address his mental and emotional issues, the court determined that a significant upward variance was necessary. It relied heavily on the seriousness of the offense and Perdue's total disrespect for the law both to distinguish Perdue's case from the robbery cases the court usually encountered and to justify the degree of the court's variance. The district court provided a sufficiently compelling justification for treating Perdue's case differently. *Holguin-Hernandez*, 140 S. Ct. at 766. The sentence imposed on Perdue is substantively reasonable.

Finally, we need not address the parties' dispute concerning the appropriate standard of review because Perdue's arguments would fail even under the more lenient abuse of discretion standard.

### III.   CONCLUSION

For all the reasons explained above, we **AFFIRM** Perdue's sentence.