NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0327n.06

Case No. 20-4015

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONTE WALKER,

Defendant - Appellant.

)
)
)
)
)
)
)
)
)
)
)

**FILED**
Jul 12, 2021
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO

BEFORE: GUY, GIBBONS, and GRIFFIN, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Donte Walker contests the procedural and substantive reasonableness of his 262-month sentence for drug distribution and conspiracy offenses in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. We affirm.

I.

The FBI arrested Walker after making a series of controlled buys from a group of drug traffickers in Toledo, Ohio, including 27 controlled buys from Walker. The indictment charged Walker with fentanyl distribution and conspiracy offenses in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. Walker pled guilty to all counts.

Walker's total offense level was 38 and his criminal history category was III, yielding a sentencing range of 292 to 365 months. Although Walker initially objected to several sentencing enhancements, he later conceded that they were appropriate. At the sentencing hearing, Walker argued for a below-guidelines sentence based on numerous mitigating factors: (1) the enhancement

for firearm possession was excessive because Walker had a concealed carry permit and never brandished the firearm, (2) the enhancement for maintenance of a drug house was excessive because Walker did not own or live in the residence, (3) Walker had shown that he was amenable to rehabilitation by completing several programs during pretrial detention, and (4) his criminal history was overstated. Although many of Walker's arguments touched on the sentencing enhancements, Walker did not contest the enhancements themselves and conceded that the guidelines range was properly calculated. The district court sentenced Walker to 262 months' imprisonment, 30 months below the guidelines range. Walker timely appealed.

II.

Walker argues that the district court failed to provide an adequate explanation for his sentence and failed to consider mitigating factors.[1] For a sentence to be procedurally reasonable, the district court "must properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, and adequately explain why it chose the sentence." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018). Walker did not contest the adequacy of the court's explanation at sentencing, so our review is limited to plain error. *United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008) (en banc).

The district court's "discussion makes it clear that it had the § 3553(a) factors in mind." *United States v. Dachoute*, No. 20-6398, 2021 WL 1720027, at *2 (6th Cir. Apr. 30, 2021) (citing *United States v. McBride*, 434 F.3d 470, 475 n.3 (6th Cir. 2006)). The district court considered Walker's "relatively law abiding" history, § 3553(a)(1), but emphasized that the lengthy sentence was important for public deterrence given that "fentanyl is a drive-by drug," § 3553(a)(2). DE

---

[1] Although Walker labels these arguments as challenging the substantive reasonableness of his sentence, the arguments sound more in procedural reasonableness and we treat them accordingly.

327, Sent. Tr., Page ID 2418–19, 2425. The court noted that a co-conspirator was serving a 240-month sentence for similar conduct but recognized that the co-defendant's case involved a binding plea agreement, § 3553(a)(6). The district court gave Walker "modest credit" because it thought that Walker's criminal history was overstated, § 3553(a)(4). *Id*. at 2420. And although the court "considered a lower sentence," § 3553(a)(3), it sentenced Walker to 262 months, which was 30 months below the guidelines range. *Id*. at 2418.

Walker also argues that the district court's discussion was insufficient because it failed to consider mitigating circumstances, including Walker's concealed carry permit, lack of ownership of the residence used to traffic drugs, and his rehabilitative efforts. But the district court considered each of those arguments. The court was unmoved by Walker's arguments about the firearm, stating that the "danger" came from "the fact that [the gun] was at hand." DE 327, Sent. Tr., Page ID 2392–93. When Walker brought up the home ownership issue, the district court asked where Walker was living at the time and asked for the government's response. And the district court considered Walker's rehabilitative efforts when it "noticed" his list of accomplishments, including Walker's sobriety, acceptance of responsibility, and high school diploma. *Id.* at 2389. "These statements make clear that the district court listened to [Walker's] arguments, 'considered the supporting evidence, was fully aware of the defendant's circumstances, and took them into account in sentencing him.'" *Dachoute*, 2021 WL 1720027, at *3 (quoting *Vonner*, 516 F.3d at 387). Walker's sentence is procedurally reasonable.

### III.

Walker further argues that his sentence is substantively unreasonable. "An argument that a sentence is substantively unreasonable is an argument 'that the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual.'" *Id.* (quoting

*Rayyan*, 885 F.3d at 442). There is a rebuttable presumption that a below-guidelines sentence is substantively reasonable. *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008). Walker argues that the district court placed "an inordinate amount of weight" on his knowledge that the drugs contained fentanyl. CA6 R. 16, Appellant's Br., at 13. He also argues that the district court failed to give him sufficient credit for the overstatement of his criminal history.

The district court "considered a lower sentence . . . given the fact [that Walker] never had a prior felony." DE 327, Sent. Tr., Page ID 2418. But Walker's "overstated" criminal history did not outweigh his knowledge that he sold fentanyl to people that later overdosed. *Id*. at 2418, 2420. The district court considered Walker's mitigation arguments and explained that only "a modest credit in terms of criminal history" was appropriate. *Id*. at 2420. Given the district court's careful consideration of the § 3553(a) factors and the presumption of reasonableness afforded to the below-guidelines sentence, we will not disturb the court's decision that 262 months was "sufficient but not greater than necessary." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (quoting *United States v. Smith*, 505 F.3d 463, 470 (6th Cir. 2007)). Walker's sentence is substantively reasonable.

IV.

For these reasons, we affirm.